[Cite as *State v. Campbell*, 2016-Ohio-415.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA1012 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| ROSCOE CAMPBELL, | : | RELEASED: 2/3/2016 |
| Defendant-Appellant. | : | |

APPEARANCES:

Timothy J. Kelly, Mt. Orab, Ohio, for appellant.

David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for appellee.

Harsha, J.

{¶1}    A jury convicted Roscoe T. Campbell of two counts of rape of a minor child less than thirteen years of age and sentenced him to consecutive terms, including one for life imprisonment with eligibility for parole after ten years.  On appeal we sustained Campbell's third assignment of error, which challenged the trial court's imposition of consecutive sentences because a review of the transcript of the sentencing hearing and the sentencing entry established that the trial court did not make the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. On remand the trial court held a new sentencing hearing and it imposed the same consecutive sentences after making the statutorily required findings.

{¶2}    Campbell once again asserts that the trial court erred in resentencing him to consecutive prison terms.  He claims that the trial court did not provide adequate justification for the consecutive terms.  The trial court had no obligation to state reasons to support its findings.  Because the trial court made the findings required by R.C.

2929.14(C)(4) at the resentencing hearing and incorporated those findings in its new sentencing entry, we reject Campbell's assertion and affirm the judgment of the trial court.

## I. FACTS[1]

{¶3}   The Adams County Grand Jury returned an indictment charging Campbell with two counts of rape of a minor child (DOB 4/4/96) less than thirteen years of age, with the first count including a specification that the child was less than ten years of age at the time of the offense.  Campbell entered a plea of not guilty and received appointed counsel and proceeded to a jury trial.

{¶4}   During the trial Campbell's daughter, T.C., who was 17 years old at that time, testified that when she was less than 10 years old, Campbell visited her at her mother's home in Adams County, and he raped her in a nearby shed.  T.C. further testified that Campbell later forced her to perform oral sex on him in her bedroom in her house.  Kenneth Dick, an investigator for the Adams County Prosecutor's office and a certified polygraphist, testified that he performed a polygraph test on Campbell with his consent. Dick concluded that Campbell lied when he stated that he never put his penis in his daughter's vagina or mouth.  Campbell denied that he had ever raped his daughter, and two of his witnesses testified that his daughter was generally untruthful.

{¶5}   The jury returned verdicts finding Campbell guilty as charged.  The trial court sentenced him to consecutive terms of life imprisonment with eligibility for parole after ten years for the first charge of rape and specification and eight years in prison for the second charge of rape.

---

[1] Except where otherwise noted, these facts are taken from our previous opinion in this case.  *See State v. Campbell*, 4th Dist. Adams No. 13CA969, 2014-Ohio-3860.

{¶6}    In Campbell's initial appeal, we overruled his first and second assignments of error, which claimed that he was denied his right to a fair trial and due process of law when 1.) the state withheld favorable evidence and 2.) the trial court denied his motion for new trial.  *State v. Campbell*, 4th Dist. Adams No. 13CA969, 2014-Ohio-3860, ¶ 10-21.

{¶7}    Nevertheless, we sustained Campbell's third assignment of error, which asserted that the trial court clearly and convincingly violated R.C. 2929.14(C)(4) by imposing consecutive sentences without making the required statutory findings.  *Id.* at ¶ 22-26.  The state conceded this error.  *Id.* at ¶ 26.  We agreed, reversed the trial court's imposition of consecutive sentences, and remanded the cause for resentencing in accordance with R.C. 2929.14(C)(4).  *Id.* at ¶ 27.

{¶8}    On remand the trial court conducted a resentencing hearing.  The court first noted that it had considered the principles and purposes of sentencing under R.C. 2929.11 and had balanced the seriousness and recidivism factors under R.C. 2929.12. After reviewing several factors, including Campbell's criminal history and the victim impact statement, the court imposed the same prison terms that it had previously ordered.  The court then considered the R.C. 2929.14(C)(4) factors and determined that consecutive sentences were appropriate:

> * * * The evidence of the victim[], the impact upon the victim[] certainly suggest that the harm caused by two or more of the multiple offenses so committed were so grave or unusual that no single prison term for any of the offenses committed * * * adequately reflects the seriousness of the offender's conduct.  The count 1 was between a period of on or about between February 1, 2004 and August 15, 2005.  Count 2 was on or about and between November 15, 2007 and May 1, 2009.  The court has noted the criminal history which constitutes two failure to comply with the order or signals of a police officer, breaking and entering, assault on a police officer, theft, assault, and resisting arrest, and then multiple DUIs and driving under suspension or under suspended license.  So the court does find

based upon consideration of these factors, consideration of the criminal record, consideration of the victim impact statement, that the prison terms will be served consecutively as the court does find that the consecutive service is necessary to protect the public from future crime as well as to punish the offender and that [t]he court finds further that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further specifically finds that at least two of the multiple offenses in two separate frames of time separated by about a year and a half to two years, that these were committed as part of one or more courses of conduct and that is the victim has said she was repeatedly raped as a child between her father and her step father. That the harm caused by two or more of these multiple offenses committed has been so grave or unusual that certainly no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct and the impact upon the victim. Further, the court has noted the offender's criminal history and conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. So it is therefore ordered, once again, that the defendant shall serve in count 1 a mandatory prison term of life imprisonment with eligibility of parole after 10 years and in count 2 a mandatory prison term of 8 years incarceration in an appropriate state penal institution. The prison term in count 2 shall run consecutive to the term imposed in count 1 for a total term of incarceration on both counts of life with eligibility of parole after 10 years in the Ohio Department of Rehabilitation[] and Corrections, life plus 8 years with eligibility of parole thereafter.

**{¶9}** Subsequently, the trial court issued a judgment entry resentencing Campbell to consecutive prison terms of life with eligibility for parole after 10 years for the first rape count and specification and 8 years for the second rape count. In its sentencing entry the trial court incorporated the findings it made at the resentencing hearing, including those mandated by R.C. 2929.14(C)(4). This appeal followed.

## II. ASSIGNMENT OF ERROR

**{¶10}** Campbell assigns the following "arguable" error[2] for our review:

1. Whether the trial court erred in resentencing appellant to consecutive prison terms.

---

[2] Although Campbell's appointed appellate counsel characterizes his specified assignment of error as "arguable," he does not suggest that this appeal is wholly frivolous or seek to withdraw as counsel in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

### III. STANDARD OF REVIEW

**{¶11}**  When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2).  *State v. Brewer*, 2014–Ohio–1903, 11 N.E.3d 317, ¶ 33 (4th Dist.) ("we join the growing number of appellate districts that have abandoned the [*State v.*] *Kalish*[, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124] plurality's second step abuse-of-discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated '[t]he appellate court's standard of review is not whether the sentencing court abused its discretion"); *see also State v. Graham*, 4th Dist. Highland No. 13CA11, 2014–Ohio–3149, ¶ 31.  R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law."

### IV. LAW AND ANALYSIS

**{¶12}**  In his sole assignment of error Campbell asserts that the trial court erred in resentencing him to consecutive prison terms.  Under the tripartite procedure set forth in R.C. 2929.14(C)(4) for imposing consecutive sentences, the trial court had to find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one of three circumstances specified in the statute applies.  *See generally State v. Baker*, 4th Dist. Athens No. 13CA18, 2014–Ohio–1967, ¶ 35–36.  The trial court is required to make these findings at the sentencing hearing and to

incorporate its findings in its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus. "The trial court need not use talismanic words to comply with R.C. 2929.14(C)(4), but it must be clear from the record that the trial court actually made the required findings." *Campbell*, 2014-Ohio-3860, at ¶ 25.

**{¶13}** The trial court made the required findings at the resentencing hearing and incorporated those findings in its sentencing entry. Campbell concedes this by admitting that the court was "extremely thorough in reciting all the factors necessary to be considered in the resentencing hearing." Nevertheless, Campbell claims that the trial court did not provide "adequate justification" for imposing consecutive sentences because consecutive sentences did not constitute the "minimum sanction" necessary to accomplish the overriding purposes of felony sentencing under R.C. 2929.11.

**{¶14}** However, at the resentencing hearing and in its sentencing entry, the trial court expressly stated that it considered R.C. 2929.11 as well as R.C. 2929.12. The court had no obligation to make specific findings concerning the various factors in these statutes. *See State v. Kulchar*, 4th Dist. Athens No. 10CA6, 2015-Ohio-3703, ¶ 47. Nor did the trial court have any obligation under R.C. 2929.14(C)(4) to state reasons to support its findings to impose consecutive sentences. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus ("In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings").

**{¶15}** Finally, we reject Campbell's argument that consecutive sentences were unwarranted. He claims that a mandatory prison term of life imprisonment with eligibility

for parole after 10 years is sufficient to accomplish the purposes of felony sentencing without imposing consecutive sentences. Courts have upheld the imposition of consecutive sentences that include a life sentence as long as the court makes the required findings. *See, e.g., State v. Peak*, 8th Dist. Cuyahoga No. 102850, 2015-Ohio-4702, ¶ 8-14 (affirming the imposition of two consecutive life sentences with the possibility of parole after 10 years on each of two counts for rape of a victim less than 13 years old).

{¶16} Consequently, Campbell has failed to establish that the trial court clearly and convincingly imposed a sentence that was either not supported by the record or otherwise contrary to law. We overrule his assignment of error.

## V. CONCLUSION

{¶17}    Therefore, the trial court did not err in imposing consecutive sentences on remand. Having overruled Campbell's sole assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
     William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**