DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Mandrell Walker, appeals his conviction and sentence on two counts of possession of crack cocaine, each in violation of R.C. 2925.11(C)(4), felonies of the third degree. Appellant claims that the following errors occurred in the proceedings below:
 {¶ 2} "The trial court abused its discretion in denying the appellant's pre-sentence motion to withdraw his Alford plea."
 {¶ 3} "The trial court erred in sentencing the appellant to a `mandatory' term of imprisonment of four years."
 {¶ 4} "The performance of the appellant's trial counsel was ineffective."
 {¶ 5} Appellant was indicted on September 12, 2003 for one count of possession of cocaine, a felony of the fourth degree, one count of possession of crack cocaine, a felony of the third degree, and one count of possession of crack cocaine, a felony of the first degree. He was arraigned on October 2, 2003.
 {¶ 6} Appellant retained Jon D. Richardson ("Attorney Richardson") as counsel and was adamant about going to trial. Attorney Richardson, however, proposed that appellant enter a guilty plea pursuant to North Carolina v. Alford (1970),400 U.S. 25. Appellant refused and again insisted on going to trial. Attorney Richardson withdrew as counsel after appellant failed to pay his full retainer, and became a potential witness in the case.
 {¶ 7} The court then appointed Ronnie L. Wingate ("Attorney Wingate") to represent appellant. He also recommended that appellant enter an Alford plea. Appellant explained to Attorney Wingate that he wanted to go to trial. However, on October 6, 2004, appellant entered an Alford guilty plea to two counts of possession of crack cocaine, both felonies of the third degree.
 {¶ 8} As part of the plea agreement, the parties agreed appellant would serve three years in prison on both counts. Appellant failed to appear at his sentencing hearing on October 8, 2004, and a capias was issued. Several months later, appellant was arrested and Attorney Wingate was granted leave to withdraw as counsel. The court then appointed Jack Viren ("Attorney Viren") to represent appellant.
 {¶ 9} Appellant subsequently filed a motion to withdraw hisAlford plea. The hearing was held on April 6, 2005. During the hearing, appellant testified that he felt pressured by his trial attorneys to enter the Alford plea. Attorney Viren, however, requested that the trial court enforce the terms of the plea agreement. The judge denied the motion to withdraw the plea and sentenced appellant to four years in prison.
 {¶ 10} In his first assignment of error, appellant contends that his pre-sentence motion to withdraw his guilty plea was not freely allowed or treated with liberality.
 {¶ 11} Crim.R. 32.1 provides, in part, that a motion to withdraw a plea of guilty or no contest may be made before sentence is imposed. Although such motions are to be freely allowed and treated with liberality, the right to withdraw a plea is not absolute. State v. Xie (1992), 62 Ohio St.3d 521, 527, paragraph one of the syllabus. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Thereafter, the decision to grant or deny the motion is within the sound discretion of the trial court. Id., paragraph two of the syllabus. An appellant is required to show that the trial court abused its discretion. In order for there to be an abuse of discretion, the trial court's attitude in reaching its decision must have been unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 12} In reviewing a trial court's decision regarding a motion to withdraw a plea, the court in State v. Fish (1995),104 Ohio App.3d 236, set forth a non-exhaustive list of factors to weigh when considering such a motion. These factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion to withdraw; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. Id. at 240. Finally, a change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea. State v. Lambros (1988),44 Ohio App.3d 102, 103.
 {¶ 13} Applying the above factors to the present case, this court finds that the trial court's decision was not unreasonable, arbitrary, or unconscionable. Although appellant filed the motion within a reasonable time, the state could be unfairly prejudiced by the granting of the motion. It is well established that a plea agreement is viewed as a contract between the State and a criminal defendant. Santobello v. New York (1971),404 U.S. 257. Accordingly, if one side breaches the agreement, the other side is entitled to either rescission or specific performance of the plea agreement. Id., at 262. Appellant's failure to appear at the sentencing hearing and his more than five month evasion of the law constitutes a breach of the plea agreement. For the appellant to claim that he, as the party who breached the plea agreement, is entitled to benefit from his breach by withdrawing his guilty plea is analogous to arguing that the party who breaches a contract should be rewarded for his breach. SeeMarinaro v. Major Indoor Soccer League (1991),81 Ohio App.3d 42, 45.
 {¶ 14} Furthermore, appellant was given a full Crim.R. 11 hearing when he entered his guilty plea and was fully informed of the rights he was forfeiting by entering those pleas. The record and transcript of the April 6, 2005 motion to withdraw hearing reflect that before entering his plea, appellant had competent counsel and fully understood the nature of the charges and potential sentences that could be imposed upon him. Additionally, appellant admitted to owning some of the cocaine referenced in the indictment and did not raise a complete defense. Therefore, it is reasonable to conclude that appellant was guilty of at least some of the charges.
 {¶ 15} In light of all of these factors, we cannot say that the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea. Accordingly, the appellant's first assignment of error is found not well-taken.
 {¶ 16} In his second assignment of error, appellant claims that the trial court erred in sentencing him to a mandatory four year prison term when the only term that is mandatory under the statute is one year.
 {¶ 17} R.C. 2925.11(C)(4) states "if the amount of the drug involved equals or exceeds 25 grams but is less than 100 grams of cocaine that is not crack cocaine or equals or exceeds five grams but is less than 10 grams of crack cocaine, possession of crack cocaine is a felony of the third degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree."
 {¶ 18} R.C. 2929.14(A)(3) further provides that "for a felony of the third degree, the prison term shall be one, two, three, four or five years."
 {¶ 19} The defendant pled to two counts of possession of crack cocaine, both felonies of the third degree. The plain meaning of the statute requires the imposition of a mandatory prison term of one of the five sentences. In this case, the appellant received a mandatory four-year sentence. The trial court found that five of the six recidivism factors in R.C.2929.12(D) applied to the appellant and was concerned by the appellant's prior failure to appear at sentencing. The court also considered the extensiveness of appellant's record when fashioning his sentence. We conclude that the mandatory sentence of four years is appropriate within the meaning of the statute, and appellant's second assignment of error is found not well-taken.
 {¶ 20} In his third and final assignment of error, appellant claims that he received ineffective assistance of counsel from Attorney Richardson and Attorney Wingate. Appellant alleges that his attorneys' combined effect "lured him into the Alford plea."
 {¶ 21} The United States Supreme Court devised a two-prong test to determine ineffective assistance of counsel. Stricklandv. Washington (1984), 466 U.S. 668, 687. First, the defendant must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution. Id. Deficient performance means performance falling below an objective standard of reasonable representation. Id.
 {¶ 22} Second, defendant must establish that counsel's "deficient performance prejudiced the defense." Id. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus. The failure to prove one prong of the Strickland
two-part test makes it unnecessary for a court to consider the other prong. State v. Madrigal, 87 Ohio St.3d 378, 389,2000-Ohio-448, citing Strickland at 697.
 {¶ 23} Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel.Strickland, 466 U.S. at 689. In Ohio, a properly licensed attorney is presumed competent. State v. Lott (1950),51 Ohio St.3d 160, 174.
 {¶ 24} Appellant was represented by two attorneys in the trial court before entering his Alford plea. The first attorney, Attorney Richardson, recommended that appellant enter an Alford plea. Appellant refused to take his attorney's advice and insisted on going to trial. Shortly thereafter, Attorney Richardson was forced to withdraw after he became a witness in the case. Appellant's second attorney, Attorney Wingate, also recommended that appellant enter an Alford plea. In essence, appellant argues that because he did not agree with either attorney's advice, he received ineffective counsel.
 {¶ 25} We find that despite appellant's contentions, he has failed to make a sufficient showing with respect to either prong of the Strickland test. Although appellant asserts that he felt "pressured" to enter the plea due to his relationship with the two attorneys, appellant has provided no evidence that either attorney's performance fell below an objective standard of reasonable representation. Attorney Richardson was unable to provide appellant with further representation because he became a witness in the case. Surely this does not make him inadequate counsel.
 {¶ 26} Appellant further argues that on October 4, 2004, Attorney Wingate stated that he had no advice for his client. However, that statement was made two days before trial and after Attorney Wingate attempted to resolve the case for more than a year. According to the record, Attorney Wingate engaged in discovery, discussed the facts of the case with appellant, and explained his rights to him. Both Attorney Wingate and Attorney Richardson provided appellant with the advice they thought was in his best interest. Appellant, however, did not agree with that advice. Nevertheless, giving contrary advice does not fall below an objective standard of reasonable representation. Accordingly, appellant's third assignment of error is found not well-taken.
 {¶ 27} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., arish, J., concur.