[Cite as *State v. Dowler*, 2015-Ohio-5027.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA7 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| NICHOLAS DOWLER, | : | |
| Defendant-Appellant. | : | RELEASED: 11/30/2015 |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Terrence K. Scott, Assistant Ohio Public Defender, Columbus, Ohio, for appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for appellee.

Hoover, P.J.

{¶1} Defendant-appellant Nicholas Dowler ("Dowler") entered into a negotiated plea agreement with the plaintiff-appellee State of Ohio ("State") in which he pleaded guilty to an amended count of robbery and two counts of theft in exchange for the dismissal of the remaining count. The State further agreed to recommend an eight-year prison sentence and not oppose judicial release after five years. At the sentencing hearing, the State indicated that it would not oppose judicial release "pending a Warden's report after five years." The trial court convicted Dowler upon his guilty plea to the offenses and sentenced him to an aggregate eight-year prison term.

{¶2} After five years had elapsed, Dowler filed a motion for judicial release. The State responded that it would not oppose judicial release if his institutional summary report was

favorable. The report, however, disclosed that Dowler had tested positive for illegal drugs on two different occasions—once for cocaine and once for opiates—and was disciplined internally for these violations. Based upon the institutional report being unfavorable, the State argued against judicial release. The trial court then denied Dowler's motion for judicial release.

{¶3}   On appeal, Dowler asserts that the trial court erred in denying his motion for judicial release because the State breached the parties' plea agreement by opposing his motion. We reject Dowler's assertion. The State had indicated at the sentencing hearing that its recommendation regarding judicial release would depend on the Warden's institutional report after five years. Dowler did not object to this additional condition. Unfortunately, during Dowler's imprisonment, he tested positive for illegal drugs twice. The Warden disclosed this information in the institutional report. Thus, the unfavorable report allowed the State to oppose the motion for judicial release according to the terms discussed at the sentencing hearing. In addition, the trial court had an independent basis irrespective of what the parties recommended to deny his motion for judicial release.  Under these circumstances, the trial court did not abuse its broad discretion in denying his motion for judicial release.

## I. Facts

{¶4}   The Athens County Grand Jury returned an indictment in July 2009 that charged Nicholas Dowler with one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the third degree. This case was designated as Case Number 09CR0238. In October 2009, the Athens County Grand Jury returned another indictment charging Dowler with two counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and (3), felonies of the first degree, and one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. This case was designated as Case Number 09CR0364.

{¶5}   After the parties negotiated a plea agreement in the cases, Dowler pleaded guilty to an amended charge of theft in Case Number 09CR0238 and to an amended charge of robbery and the original charge of theft in Case Number 09CR0364 in return for dismissal of the remaining charge of aggravated robbery.  (09CR0238, OP16; 09CR0364, OP18). The document in which Dowler withdrew his plea of not guilty and entered a plea of guilty included the following language:

> No promises have been made except as part of this plea agreement, stated entirely
>
> as follows:  STATE WILL RECOMMEND 8 YR. SENTENCE AND WILL NOT
>
> OPPOSE JUDICIAL RELEASE AFTER 5 YEARS; STATE WILL NOT
>
> OPPOSE FURLOUGH UNTIL SATURDAY DEC 26, 2009.

(Emphasis sic.) (*Id.*).

{¶6}   At the change of plea hearing, the State represented that as part of the plea agreement, it "would not oppose judicial release after five years." The trial court further specified that the state was "also committing that it will not oppose judicial release after five years have been served[.]" (09CR0238, OP43; 09CR0364, OP40, p. 1, 7). At the time, the State did not mention any condition on its promise not to oppose judicial release, but the trial court did not suggest that Dowler would automatically be granted judicial release after five years in prison. (*Id.* at 12). In fact, the trial court specifically told Dowler: "* * * [T]he Court usually approves of plea agreements and usually sentences in accordance with them. There's a lot of good reasons for that. *But I'm not required to*. * * *" (Emphasis added.) (*Id.* at 7).

{¶7}   The State presented the following facts to support the offenses to which Dowler pleaded guilty. For Case Number 09CR0238, Dowler removed an automatic pistol and holster without permission from a residence. (*Id.* at 2). In Case Number 09CR0364, Dowler approached

a woman walking along the street, brandished a weapon, and took her purse. (*Id.* at 3). Dowler then went to a gas station and used one of the woman's credit cards. (*Id.*). The trial court accepted Dowler's guilty plea, convicted him of the offenses he pleaded guilty to, and dismissed the remaining charge in Case Number 09CR0364. (09CR0238, OP16; 09CR0364, OP18).

{¶8}    At sentencing, in accordance with the parties' plea agreement, the State recommended an eight-year aggregate prison sentence. (09CR0238, OP42; 09CR0364, OP40, p. 2). The State also noted that it "will not oppose judicial release pending a Warden's report after five years." (*Id.*). Although this condition on the State's promise had not been mentioned at the plea hearing or specified in the written plea, Dowler and his counsel did not object to the additional language. Dowler and his counsel did not contend that the condition was not part of the parties' plea agreement. (*Id.*).  Further, the trial court explained what types of prison infractions might prevent Dowler's judicial release after five years:

> BY THE JUDGE:  * * * Hopefully the goal of the parties here is that you get judicial release and that works out okay. But I have to tell you that's within the realm of possibility. Now Mr. Wallace is able to file a motion for judicial release for you if you want him to when the time comes. That will be something between the two of you. Did you have any questions about that?
>
> BY MR. DOWLER:  What about fights and stuff? Because I mean in prison, I heard prison is pretty rough these days.
>
> BY THE JUDGE:  We get a report. When there's a judicial release hearing we get a report as to what's happened. Minor matters are not usually a concern of the Court. But if something would happen serious enough that let's say you got caught for assaulting somebody with a weapon, something like that would mean

that you might not get judicial release. But minor matters usually are not negative enough to * * * prevent judicial release.

(*Id.* at 8).

{¶9}    In January 2010, the trial court sentenced Dowler to an aggregate prison term of eight years. This was consistent with the parties' plea agreement.  (09CR0238, OP20; 09CR0364, OP21).

{¶10}  In January 2015, after Dowler had served five years of his sentence, he filed a motion for judicial release. (09CR0238, OP24; 09CR0364, OP23). In his motion, Dowler's counsel specified that under the terms of the parties' plea agreement, "[t]he State agreed to not oppose judicial release after five (5) years if the Defendant had a favorable institutional summary report." (*Id.*). His memorandum in support of the motion emphasized that he moved the trial court "for judicial release pending a favorable Warden's report." (*Id.*). The State responded to the motion by stating that "[p]er the negotiated plea agreement, the State would not oppose judicial release pending a favorable Institutional Report Summary." (09CR0238, OP25; 09CR0364, OP24).

{¶11}  The trial court held a hearing on Dowler's motion at which he admitted that, as the institutional summary report noted, during his imprisonment, he tested positive for cocaine in October 2012, and he tested positive for opiates in May 2013. (09CR0238, OP44; 09CR0364, OP41, p. 5). He was disciplined for both offenses by being placed in "the hole" for 30 days. (*Id.* at 3, 5).

{¶12}  In February 2015, the trial court denied Dowler's motion for judicial release based on his institutional summary report.  (09CR0238, OP30; 09CR0364, OP28). As a result of the trial court's denial of Dowler's motion for judicial release, Dowler filed this timely appeal.

## II. Assignment of Error

{¶13}  Dowler assigns the following error for our review:

The State breached the plea agreement when it opposed Mr. Dowler's motion for judicial release in violation of Crim.R. 11.

## III. Law and Analysis

## A. Jurisdiction

{¶14}  "The Ohio Constitution grants courts of appeals jurisdiction 'to review and affirm, modify, or reverse judgments or final orders.' " *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 8, quoting Ohio Constitution, Article IV, Section 3(B)(2). "The General Assembly has enacted R.C. 2505.02 to specify which orders are final." *State v. Johnson*, 4th Dist. Scioto No. 14CA3660, 2015-Ohio-3370, ¶ 8, citing *Smith* at ¶ 8.

{¶15}  In *State v. Coffman*, 91 Ohio St.3d 125, 742 N.E.2d 644 (2001), syllabus, the Supreme Court of Ohio held that "[a] trial court's order denying shock probation pursuant to former R.C. 2947.061(B) is not a final appealable order." The court premised its holding on the fact that although the decision arises in a special proceeding, no substantial right of the defendant is impacted even if there is a constitutional or statutory violation. *Id.* at 127-129. Judicial release replaced shock probation effective July 1996, and consistent with *Coffman*, courts have generally held that a trial court's order denying judicial release pursuant to R.C. 2929.20 is not a final appealable order. *See generally State v. Hague*, 11th Dist. Ashtabula No. 2015-A-0030, 2015-Ohio-3645, ¶ 3, and cases cited therein.

{¶16}  Nevertheless, following its decision in *Coffman*, the Supreme Court of Ohio affirmed the judgment of a court of appeals denying a writ of mandamus to compel a defendant's release from prison because the defendant had an adequate remedy in the ordinary course of law to raise his claim that the state breached a plea agreement—he "could also have appealed any

judgment by Judge McCown denying his motion for judicial release." *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183, 2006-Ohio-548, 842 N.E.2d 51, ¶ 5. This holding presupposed that a judgment denying a motion for judicial release premised on a purported breached plea agreement constituted a final appealable order; otherwise, an appeal would not have been an adequate legal remedy.

{¶17}  Based on *Rowe*, appellate courts, including this one, have recognized an exception to the general rule in *Coffman* by holding that the denial of a motion for judicial release affects a substantial right made in a special proceeding and thus constitutes a final appealable order when the state breaches a plea agreement by opposing the judicial release. *See State v. Francis*, 4th Dist. Meigs No. 10CA2, 2011-Ohio-4497, ¶ 14; *State v. Jimenez*, 9th Dist. Summit No. 24609, 2009-Ohio-4337, ¶ 6.[1]  The parties agree here that the judgment appealed constitutes a final appealable order; and we so found in our prior administrative entry in this case. Therefore, we proceed to the merits of this case.

### B. Standard of Review

{¶18}  "R.C. 2929.20, Ohio's judicial-release statute, allows certain offenders to apply for early release from prison." *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, ¶ 1. Judicial release is a privilege, not an entitlement; and statutes authorizing courts to suspend execution of a sentence are strictly construed. *Id.* at ¶ 12.

{¶19}  R.C. 2929.20(B) vests the trial court with discretion in granting an eligible defendant's judicial release by providing that "[o]n the motion of an eligible offender or upon its

---

[1] In *State v. Williams*, 10th Dist. Franklin No. 07AP-1035, 2008-Ohio-1906, ¶ 10, the appellate court dismissed an appeal from a judgment denying a motion for judicial release and noted, "[w]e further conclude that appellant may not avoid this jurisdictional barrier by arguing that the trial court 'broke its agreement' to grant a motion for judicial release after three months."  That case, however, is distinguishable because it did not discuss *Rowe*, did not involve a claimed breach of a plea agreement by the State, and did not include any evidence supporting the defendant's claim that the trial court breached the plea agreement or represented that it would grant judicial release to the defendant.

own motion, the sentencing court *may* reduce the eligible offender's aggregated nonmandatory prison term or terms through a judicial release under this section." (Emphasis added.) Therefore, the trial court's decision can be reversed only upon a showing of an abuse of that discretion. *See, e.g., State v. Jenkins*, 4th Dist. Scioto No. 10CA3389, 2011-Ohio-6924, ¶ 9 (applying an abuse of discretion standard in reviewing a trial court's decision finding a violation of judicial release under R.C. 2929.20(K)). An abuse of discretion is an unreasonable, arbitrary, or unconscionable use of discretion, including an action that no conscientious judge could honestly have taken. *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67; *State v. Scott*, 4th Dist. Washington No. 15CA2, 2015-Ohio-4170, ¶ 37.

{¶20} Moreover, appellate courts have generally applied the abuse of discretion standard to determine whether a party breached a plea agreement. *See State v. Blair*, 4th Dist. Scioto No. 11CA3429, 2012-Ohio-769, ¶ 16, and cases cited therein. In *Blair*, however, we applied a de novo standard of review of this claim because the plea agreement's terms were contained in an unambiguous, written document. *Id.* The pertinent provision of the parties' plea agreement here is not contained in an unambiguous, written document, so we will apply the general abuse of discretion standard.

### C. Analysis

{¶21} In his sole assignment of error, Dowler asserts that the State breached the parties' plea agreement when it opposed his motion for judicial release.

{¶22} "Principals of contract law are generally applicable to the interpretation and enforcement of plea agreements." *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise

must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "[I]f one side breaches the agreement, the other side is entitled to either rescission or specific performance of the plea agreement." *State v. Grier*, 3d Dist. Crawford No. 3-10-09, 2011-Ohio-902, ¶ 18, citing *State v. Walker*, 6th Dist. Lucas No. L-05-1207, 2006-Ohio-2929, ¶ 13.

{¶23} To determine whether a plea agreement has been breached, courts examine what the parties reasonably understood at the time the defendant entered his guilty plea; that is, we must identify the terms of the plea agreement before we can determine if the state breached the agreement. *State v. Walsh*, 5th Dist. Licking No. 14-CA-110, 2015-Ohio-4135, ¶ 18.

{¶24} The plea agreement was set forth in writing in the document entitled "Plea of Guilty." (09CA0238, OP 16; 09CA0364, OP 18). This document was signed by Dowler, defense counsel, and the prosecutor. The plea agreement specified that the State would not oppose Dowler's motion for judicial release after he served five years in prison. It did not include a provision that the non-opposition to the motion for judicial release was conditioned upon a favorable institutional summary report.

{¶25} Nevertheless, the record establishes that the parties reasonably understood that the State's promise not to oppose a motion by Dowler was so conditioned. At the sentencing hearing, the state explicitly identified the condition concerning the institutional report; and the trial court emphasized that if the report disclosed something more than a minor infraction during imprisonment, he might not be granted judicial release after five years in prison. Notably, in Dowler's own motion for judicial release and memorandum in support, he conceded that the State's plea-agreement promise not to oppose the motion was expressly conditioned on him receiving a favorable institutional report. Therefore, the parties reasonably understood that under

the plea agreement, a favorable institutional report was a condition of the State's promise not to oppose judicial release.

{¶26}  In addition, even if this condition were not an express condition of the parties' plea agreement, it is well settled that "when a defendant enters a guilty plea in exchange for the prosecutor's promise to recommend a certain sentence, there is an implied condition that the circumstances surrounding the bargain will remain substantially the same; a substantial change in the circumstances is sufficient to relieve the state of its obligation." *State v. Bembry*, 7th Dist. Columbiana No. 13 CO 33, 2014-Ohio-5498, ¶ 22; *see also State v. Hill*, 10th Dist. Franklin No. 12AP-463, 2013-Ohio-674, ¶ 20, citing *State v. Pascall*, 49 Ohio App.2d 18, 20, 358 N.E.2d 1368 (9th Dist.1972). Additional misconduct during incarceration represents a substantial change in circumstances from when the plea agreement was executed.

{¶27}  The trial court correctly determined that Dowler's institutional summary report was not favorable. As he conceded in his sworn testimony at the hearing on his motion for judicial release, Dowler twice tested positive for illegal drugs-cocaine and opiates-during his imprisonment.

{¶28}  Dowler argues that his infractions were minor because he did not harm another inmate or staff member and his violations consisted of two failed drug tests that occurred during only .10% of the days he was initially incarcerated in prison. We are not persuaded. Notwithstanding his incarceration, Dowler somehow managed to obtain illegal drugs and consume them, resulting in his positive drug tests. This constitutes criminal activity. The fact that he did not commit additional violations during the rest of his imprisonment does not minimize the severity of those violations.

{¶29}   This evidence established that Dowler breached the condition of the plea agreement that he have a favorable institutional summary report during his first five years of incarceration. Because he did not, the State was relieved of its obligation under the plea agreement not to oppose judicial release. *See Blair*, *supra*, at ¶ 19 ("As a result of Blair's breach, the state was then released of its obligations under the plea agreement and was free to oppose her judicial release.").

{¶30}   Moreover, even if the State would not have opposed the motion for judicial release, the trial court would not have been bound by the parties' recommendation to release him. *See State v. Davis*, 4th Dist. Lawrence No. 05CA9, 2005-Ohio-5015, ¶ 15 ("a court is not bound to accept the prosecution's recommended sentence as part of a negotiated plea agreement"); *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6 (trial court is not bound by prosecutor's recommendation as part of plea agreement). The trial court's denial of Dowler's motion for judicial release was supported by the adequate independent basis that his institutional summary report disclosed two serious infractions—consuming illegal drugs—during his first five years of imprisonment.[2] *See Blair* at ¶ 20 (even if the state breached the plea agreement, the trial court expressed an adequate independent basis to reject defendant's motion for judicial release because she failed to complete prison sponsored programs aimed at rehabilitation).

{¶31}   Therefore, Dowler failed to establish that the trial court acted in an arbitrary, unconscionable, or unreasonable manner by denying his motion for judicial release. The trial

---

[2] It is notable that during the sentencing hearing, a gentleman spoke, Mr. Stalder, indicating that Dowler "needs drug help." It is understandable that the trial court would rely upon the drug violation infractions as the basis for the denial of the motion for judicial release.

court properly determined that his continued abuse of illegal drugs during his imprisonment warranted denial of his motion. We overrule Dowler's assignment of error.

### IV. Conclusion

{¶32}   Dowler has not proven that the trial court abused its considerable discretion by denying his motion for judicial release. Having overruled his sole assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds reasonable grounds for this appeal existed.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment and Opinion.
McFarland, A.J.: Concurs in Judgment Only.

                                    For the Court


                                    BY: _____
                                         Marie Hoover
                                         Presiding Judge



### **NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**