[Cite as *State v. Russell*, 2016-Ohio-5290.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :       Case No.   15CA11

    vs.                                 :

MARK W. RUSSELL,                        :       <u>DECISION AND JUDGMENT ENTRY</u>

    Defendant-Appellant.                :

_____

<u>APPEARANCES</u>:

Timothy Young, Ohio Public Defender, and Katherine Ross-Kinzie, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

Colleen S. Williams, Meigs County Prosecutor, and Jeremy L. Fisher, Meigs County Assistant Prosecuting Attorney, Pomeroy, Ohio, for appellee.

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:7-22-16

ABELE, J.

{¶ 1} This is an appeal from a Meigs County Common Pleas Court judgment of conviction and sentence. Mark W. Russell, defendant below and appellant herein, pled guilty to the illegal manufacture of a controlled substance in violation of R.C. 2925.04(A). Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION BY DEVIATING FROM THE AGREED SENTENCE AND IMPOSING A MAXIMUM PRISON TERM."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT INCLUDED A FACT IN THE SENTENCING ENTRY THAT IS NOT SUPPORTED BY THE RECORD."

{¶ 2} On January 29, 2015, the Meigs County Grand Jury returned an indictment that charged appellant with (1) the illegal manufacture of a controlled substance, (2) possession of chemicals used to manufacture a controlled substance, and (3) aggravated possession of drugs. The first two offenses carried firearm specifications.

{¶ 3} Appellant initially pled not guilty, but later reached an agreement with the State to plead guilty to the illegal manufacture charge in exchange for (1) the dismissal of the remaining two charges, and (2) a recommendation that he be sentenced to six years on the underlying charge, and one year on the firearm specification, for a total of seven years. The matter came on for hearing on July 8, 2015, at which time the trial court endeavored to ascertain if appellant understood his rights and that his plea was knowing and voluntary. The court then accepted appellant's plea and found him guilty.

{¶ 4} The matter proceeded directly to sentencing. The trial court accepted the recommended sentence(s) totaling seven years. Defense counsel then asked the court if his client could have a week "furlough" before he reported to the Sheriff's office to begin his prison term so that he could put his affairs in order and visit his grandfather. The court granted his request, but warned appellant that no sentencing entry would be filed for record until he appeared at the Sheriff's office on July 15, 2015 at 9 AM. If appellant did not appear at that time, the

court would "double this real quick[.]"

{¶ 5} Alas, appellant failed to report on time to the Sheriff's office. He did, however, turn himself in a day or two later. At the July 23, 2015 "resentencing" hearing, appellant told the court that he had been in an automobile accident two days before he had to report to the Sheriff. Consequently, this prevented him from doing the things that he wished to do during the furlough. He also admitted, however, that he did not visit his grandfather. Larry Tucker, presumably from the Meigs County Sheriff's office, also informed the trial court that appellant admitted to using "Meth, opiates, oxy and marijuana" during that week.

{¶ 6} The trial court informed appellant that rather than the cumulative seven year sentence that had been a part of the plea agreement, it would impose a nine year cumulative sentence due to his failure to timely report to the Sheriff's office. Thus, the trial court imposed an eight year term of incarceration on the illegal manufacture of a controlled substance charge and one year on the firearm specification, with the sentences to be served consecutively for a cumulative total of nine years. This appeal followed.

I

{¶ 7} Before we address the merits of the assignments of errors, we pause to correct a misnomer that occurred during the trial court proceedings and continues to permeate the case on appeal. The July 23, 2015 hearing was characterized as a "resentencing" hearing, and both parties continue to allude to the July 27, 2015 entry as the entry that "re-sentenced" appellant. We, however, believe that this is a mischaracterization. In fact, no "re-sentencing" occurred, but only a "sentencing." As the trial court clearly stated, no entry was journalized regarding the cumulative sentence(s) that were part of the plea agreement. Crim.R. 32(C) provides that "[a]

judgment is effective only when entered on the journal by the clerk." In *State ex rel. White v.*

*Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267, the Ohio Supreme Court opined as follows:

> "Crim.R. 32(B) reflects the axiom that '[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum.' State ex rel. Hanley v. Roberts (1985), 17 Ohio St.3d 1, 4, 17 OBR 1, 3, 476 N.E.2d 1019, 1022, quoting Schenley v. Kauth (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus.
>
> Lower court decisions construing Crim.R. 32(B) or its counterpart in the Civil Rules, Civ.R. 58(A) ("A judgment is effective only when entered by the clerk upon the journal"), have held that an entry is effective only when journalized or filed with the clerk for journalization, under earlier versions of the rules."[1]

{¶ 8} In short, because the trial court did not journalize an entry from the July 8, 2015

hearing, no "sentencing" occurred on that date. Thus, without a "first" sentencing, there can be

no "re-sentencing." The trial court's July 23rd hearing and July 27th entry are the "sentencing"

proceedings in this case, rather than the alleged "re-sentencing" proceedings. With this in mind,

we turn our attention to the merits of the assignments of error.

## II

{¶ 9} In his first assignment of error, appellant asserts that the trial court abused its

discretion when it imposed a cumulative nine year sentence rather than the agreed upon seven

year sentence.

{¶ 10} Our analysis begins with the principle that the terms of a plea agreement are not

---

[1] The provisions of Crim.R. 32(B) to which the Supreme Court cited have been moved to subsection (C) of that rule. We also parenthetically note that *Junkin* is the authority relied upon by our Eighth District colleagues in *State v. Apger*, 8th Dist. Cuyahoga No. 97372, 2012-Ohio-1360, at ¶4, for the proposition that "a trial court had authority to vacate a finding of guilt and imposition of sentence and order the defendant to face trial on a more serious charge because the judgment had never been journalized by the clerk pursuant to Crim.R 32." This is significant because in the cause sub judice, the trial court twice cited *Apger* as authority for its conclusion that it is not bound by anything that transpired at the July 8, 2015 hearing. Although we agree with the trial court's conclusion, we rely on *Junkin* because (1) an Ohio Supreme Court decision always carries more weight than appellate court decisions, and (2) the portion of *Apger* to which the trial court refers is, technically speaking, dicta.

binding on a trial court. See *State v. Liskany*, 196 Ohio App.3d 609, 2011-Ohio-4456, 964

N.E.2d 1073, at ¶190; *State v. Burks*, 10th Dist. Franklin No. 04AP–531, 2005-Ohio- 1262 at ¶18;

*State v. Darnell*, 4th Dist. Gallia No. 02CA15, 2003-Ohio-2775, at ¶7. In *State v. Murray*, 4th

Dist. Pickaway No. 04CA30, 2005-Ohio- 2225, we addressed similar circumstances in which the

trial court imposed a greater prison sentence than was recommended as part of an agreed plea,

and we reasoned:

> "In his final assignment of error appellant argues that the trial court erred in not accepting the terms of the plea agreement and in sentencing him to the one year prison sentence recommended by the state. Alternatively, he contends that the court erred by not at least stating its reasons when it diverged from the terms of the plea agreement and imposed a longer prison sentence.
>
> We begin our analysis with the well-settled proposition that plea agreements are not binding on trial courts. Thus, the trial court was not bound by the agreement between appellant and the State. Appellant was aware of that fact because the "Petition to Enter Plea of Guilty" he executed stated "I also understand that if I plead 'Guilty' to the charges against me, the Court may impose the same punishment as if I had plead 'Not Guilty,' stood trial and had been convicted by a jury." In short, the trial court was not bound by the State's recommendation.
>
> Moreover, this Court and others have held that punishment is not subject to negotiated pleas. Rather, this is an issue that is covered by statute or-to whatever extent discretion still exists in the felony sentencing-to the discretion of the trial court. The State could recommend that appellant be sentenced to one year in prison-and, in fact, made that recommendation during the sentencing hearing-but punishment could not properly be considered part of the plea.
>
> Additionally, even if punishment was subject to the plea agreement, and even if the trial court was obligated to consider that agreement in sentencing, we believe that the court cited sufficient reasons to depart from the parties' sentencing recommendation. A review of the hearing transcript reveals that the trial court was concerned about two things: (1) appellant's crime was particularly egregious because it involved conveying drugs into a prison and put in danger every other prison guard, civilian worker and prisoner at that institution; and (2) the court wanted to convey a message that this behavior is serious and will not be excused. The trial court explicitly noted its concern that anything short of this sentence would not serve as a proper determent. The court's comments on these two factors

6

make it obvious why it did not accept the state's recommended one year prison sentence." Id. at ¶¶19-22.

{¶ 11} As in *Murray*, the July 8, 2015 hearing transcript in the case sub judice shows that the trial court asked appellant if he understood that it is not obligated to accept the agreed sentencing recommendation. Appellant answered in the affirmative. Moreover, it is clear that the trial court explained at the July 23, 2015 hearing that it imposed the two additional years as a result of appellant's (1) failure to report to the Sheriff's office at the required time, and (2) failure to complete the reason for the extension in the first place (to spend time with his elderly grandfather). Also, the Meigs County Sheriff's Department stated that appellant admitted to the use of various drugs during his week-long furlough.

{¶ 12} To the extent that appellant argues that his sentence constitutes an "abuse of discretion" on part of the trial court, this is a standard we no longer employ. See e.g. *State v. Dixon*, 4th Dist. Scioto No. 15CA3680, 2016-Ohio-1491 at ¶32; *State v. Dickens*, 4th Dist. Meigs No. 15CA7, 2016-Ohio-1212, at ¶9; *State v. Campbell*, 4th Dist. Adams No. 15CA1012, 2016-Ohio-415, at ¶11.[2] The current standard is set forth in R.C. 2953.08(G)(2) and states that we may increase, reduce, modify, or vacate and remand a challenged felony sentence if we clearly and convincingly find that either (1) the record does not support the sentencing court's findings under the specified statutory provisions, or (2) the sentence is otherwise contrary to law. See *State v. Mitchell*, 4th Dist. Meigs No. 13CA13, 2015-Ohio-1132, at ¶11; *State v. Brewer*, 4th Dist. Meigs No. 14CA1, 2014–Ohio–1903, at ¶37. In the case sub judice, appellant does not

---

[2] These cases note we join the growing number of appellate districts which have rejected the use of an "abuse of discretion" as pronounced in *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio– 4912, 896 N.E.2d 124, at ¶4. We now apply the standard adopted by the Ohio General Assembly in R.C. 2953.08(G)(2) which, at least for now, appears to be the appropriate standard of review.

argue that either prong applies here. Moreover, after our review of the record, we do not believe that either prong applies.[3] Manufacture of methamphetamine, as charged in count one of the indictment, is a second degree felony. See R.C. 2925.04(C)(3)(a). The maximum penalty for a second degree felony is an eight year term of incarceration. See R.C. 2929.14(A)(2). This is what appellant received. His sentence is not contrary to law. The facts in this case have not changed since appellant pled guilty on July 8, 2015, except that he failed to appear at the designated time for the imposition of sentence after the trial court permitted him to have an extra week to, among other things, visit his aging grandfather.

{¶ 13} For these reasons, we find no merit to the first assignment of error and it is hereby overruled.

### III

{¶ 14} Appellant's second assignment of error asserts that one of the trial court's findings has no support in the record. Specifically, he cites to the trial court's notation that appellant "failed a drug test when he did appear (tested for methamphetamine, opiates, marijuana and ox)." Appellant maintains that nothing in the record supports the assertion. Admittedly, the July 23, 2015 hearing transcript shows that the trial court misspoke in its sentencing entry. Appellant did not test positive for drugs, but rather Larry Perkins stated that appellant "admitted" to using drugs in lieu of a drug screen. There is no dispute that appellant used these drugs; rather, the only dispute is how that information was introduced into the record. Thus, we disregard the trial court's misstatement as harmless error. See Crim.R. 52(A). We discern no prejudice to

---

[3] We acknowledge that appellant's second assignment of error posits that one of the trial court's findings is not supported by the record, but as we explain in our disposition of that argument infra, this is harmless error at best and, at worst, is corrected by our modification of the July 27, 2015 judgment.

appellant as a result of this misstatement and see no reason to reverse this judgment for any further determination.

{¶ 15} Still, to the extent that appellant believes he has been prejudiced by this misstatement, we exercise our App.R. 12(A)(2) authority to modify the trial court's July 27, 2015 judgment to reflect that appellant did not fail a drug test, but rather admitted to authorities that he abused the same illegal drugs for which the trial court erroneously found that he failed a drug screen.   Thus, the trial court's judgment, as modified to this extent, is hereby affirmed.

JUDGMENT AFFIRMED AS MODIFIED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed as modified. Appellee to recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.