[Cite as *State v. Jenkins*, 2020-Ohio-1480.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,             :       Case No. 18CA27
                                        :
vs.                                     :
                                        :       DECISION AND
FREDERICK JENKINS, JR.,                 :       JUDGMENT ENTRY
                                        :
    Defendant-Appellant.            :
_____

APPEARANCES:

Steven H. Eckstein, Washington Court House, Ohio, for Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Jeffrey M. Smith, Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} This is an appeal from a Lawrence County Common Pleas Court judgment of conviction and sentence. Appellant, Frederick Jenkins, Jr., pled guilty as charged to three felony counts as follows: 1) trafficking in drugs, a fourth-degree felony in violation of R.C. 2925.03(A)(1)(C)(1)(a); 2) tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1); and possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A)(C)(1)(a). The trial court sentenced Jenkins to a seventeen-month prison term for trafficking in drugs,

to be served consecutively with a thirty-month prison term for tampering with evidence. The trial court also sentenced Jenkins to an eleven-month prison term for possession of drugs and ordered that the prison term run concurrently with the other two prison terms, for a total of forty-seven months. On appeal, Jenkins contends that the trial court failed to enforce the plea agreement in which the State was to recommend a two-year sentence but failed to do so. Because we find no merit in Jenkins' sole assignment of error, it is overruled. Accordingly, the judgment of the trial court is affirmed.

## FACTS

{¶2} On August 22, 2018, a secret indictment was filed charging Jenkins with one count of trafficking in drugs, a fourth-degree felony in violation of R.C. 2925.03(A)(1)(C)(1)(a), one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1), and one count of possession of drugs, a fifth-degree felony in violation of R.C. 2925.11(A)(C)(1)(a). Jenkins pled not guilty to the charges and counsel was appointed for him. Subsequently, on September 19, 2018, Jenkins completed a proceeding on plea of guilty form and the trial court held a change of plea hearing. Jenkins pled guilty to all three counts of the indictment, as charged.

{¶3} There are no references to any plea negotiations, plea agreements or recommended sentences in the "proceeding on plea of guilty" form, the change of

plea hearing transcript, or the trial court's subsequent judgment entry that was filed on September 24, 2018, to document Jenkins' guilty pleas. Aside from the trial court accepting Jenkins' guilty pleas after he gave an allocution, the only discussion that took place on the record involved an agreement that the sentencing date would be set two weeks later, on October 10, 2018, and that Jenkins would be granted a furlough to visit his ailing father. The hearing transcript indicates the trial court warned Jenkins that if he failed to appear for sentencing, he could be indicted for fourth-degree felony failure to appear, and that the sentence on that new charge would be ordered to run consecutive to the sentences imposed in the current case.

{¶4} The sentencing hearing transcript filed on October 10, 2018, indicates that Jenkins failed to appear for sentencing. As such, the trial court issued a warrant for his arrest. It appears from the record that Jenkins was eventually arrested and brought before the trial court for sentencing on November 27, 2018. During the sentencing hearing, Jenkins was also arraigned on two newly filed cases. First, Jenkins was arraigned on new counts of tampering with evidence and aggravated possession of drugs. He was also indicted for failure to appear as a result of his failure to appear at his October 10, 2018, sentencing hearing. Jenkins pled not guilty to the new charges.

{¶5} The trial court then proceeded to sentence Jenkins on the three counts to which Jenkins had already pled guilty. The State requested that Jenkins be sentenced to seventeen months in prison for trafficking in drugs, thirty months in prison for tampering with evidence, and eleven months in prison for possession of drugs. The State requested that the first two prison terms run consecutively to one another and that the third prison term run concurrent to the first two terms, for an aggregate prison term of forty-seven months. In response, defense counsel argued as follows:

> Your Honor, Mr. Jenkins pled guilty to the three counts in, um, connection to a an agreed to, um, sentence of two years on that . . . on . . . for on a total commitment of two years on that matter with the other matter, not 483, but 425, to be dismissed without re-re- . . . without his being arraigned on that matter. Umm the State is not . . . has not only asked for more time than it agreed to, they have also arraigned him on that matter and filed a failure to appear charge. I think that that's fun-. . . offends fundamental, um, notions of fairness. That they both punish him through filing the failure to appear, and obviously their [sic] going to seek prison time on that, and violating their previous agreement. * * * Um, I don't think that's fair. We're going to ask that he be sentenced to the two years. * * * I don't think that the State can both go back on

the deal in terms of the sentencing and go forward with these other charges.  So, we believe the two year sentence is appropriate.

In response, the State argued as follows:

The court is certainly aware that at the time of the guilty plea he was ordered to appear for sentencing on October 10th.  He failed to do so. He's failed to abide by his part of the agreement and, uh, that's the reason that, uh, he's in the condition he's in now.

The trial court ultimately sentenced Jenkins consistent with the State's request and imposed a total prison sentence of forty-seven months.  It is from the trial court's final judgment entry that Jenkins now brings his timely appeal, setting forth a single assignment of error for our review.

## ASSIGNMENT OF ERROR

I.      "THE TRIAL COURT FAILED TO ENFORCE THE PLEA AGREEMENT
        IN WHICH THE STATE WAS TO RECOMMEND A TWO-YEAR
        SENTENCE BUT FAILED TO DO SO."

## LEGAL ANALYSIS

{¶6} In his sole assignment of error, Jenkins contends the trial court failed to enforce a plea agreement in which the State was supposed to recommend a two-year prison sentence, but ultimately failed to do so.  Jenkins argues that the State failed to abide by the terms of the plea agreement by failing to recommend the agreed two-year sentence and as such, he should have been permitted to seek the

relief of either rescission or specific performance.  Jenkins further argues,
however, that he "was not permitted to withdraw his guilty plea (rescission) or to
ask for a recommendation of two-years imprisonment (specific performance)."  In
response, the State admits that "defense counsel and the state of Ohio negotiated a
proposed plea agreement:  a recommended two-year 'flat' sentence."  However,
the State argues that Jenkins breached the plea agreement by failing to appear for
sentencing, thereby relieving the State of its obligations under the plea agreement.

{¶7} We initially note that contrary to Jenkins' argument that he was not
permitted to withdraw his guilty plea, the record before us fails to demonstrate that
he moved the court for withdrawal of his plea.  Further, contrary to Jenkins'
argument that he was not permitted "to ask for a recommendation of two-years
imprisonment (specific performance)[,]" he did ask the court to impose a two-year
sentence, explaining that the State's agreement to recommend a two-year sentence
was a term of the plea agreement.  However, the trial court implicitly denied that
request when it proceeded to sentence Jenkins to an aggregate prison term of forty-
seven months.  Thus, we conclude the issue presently before us simply involves the
question of whether the trial court erred in failing to enforce the terms of a plea
agreement where each party alleged the other party breached the terms.

{¶8}This Court has explained that although we have applied a de novo
standard of review when a plea agreement's terms were contained in an

unambiguous, written document, an abuse of discretion standard is the appropriate standard when dealing with a plea agreement that is not contained in an unambiguous, written document. *State v. Dowler*, 4th Dist. Athens No. 15CA7, 2015-Ohio-5027, ¶ 20, citing *State v. Blair*, 4th Dist. Scioto No. 11CA3429, 2012-Ohio-769, ¶ 16. We conclude that an alleged verbal agreement, which in this case was never made a part of the record, lends itself to an abuse of discretion standard of review rather than a de novo standard of review. An abuse of discretion is an unreasonable, arbitrary, or unconscionable use of discretion, including an action that no conscientious judge could honestly have taken. *Dowler* at ¶ 19, citing *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67; *State v. Scott*, 4th Dist. Washington No. 15CA2, 2015-Ohio-4170, ¶ 37.

{¶9} "Principals of contract law are generally applicable to the interpretation and enforcement of plea agreements." *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶ 50. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "[I]f one side breaches the agreement, the other side is entitled to either rescission or specific performance of the plea agreement." *State v. Grier*, 3d Dist. Crawford No. 3-10-09, 2011-Ohio-902, ¶ 18, citing *State v. Walker*, 6th Dist. Lucas No. L-05-1207,

2006-Ohio-2929, ¶ 13. "The essential elements of a contract are an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), manifestation of mutual assent, and legality of the object and consideration." *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, ¶ 15, citing *Williams v. Ormsby*, 131 Ohio St.3d 427, 2012-Ohio-690, 966 N.E.2d 255, ¶ 14; *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16. As we explained in *State v. Dowler*:

> To determine whether a plea agreement has been breached, courts examine what the parties reasonably understood at the time the defendant entered his guilty plea; that is, we must identify the terms of the plea agreement before we can determine if the state breached the agreement.

*State v. Dowler, supra,* at ¶ 23, citing *State v. Walsh*, 5th Dist. Licking No. 14-CA-110, 2015-Ohio-4135, ¶ 18.

{¶10} Crim.R. 11(F) requires that in negotiated plea cases, "the underlying agreement upon which the plea is based shall be stated on the record in open court." The Supreme Court of Ohio has observed, however, that "[p]rudence also dictates that a plea agreement be in writing." *State v. Billingsley*, 133 Ohio St.3d 277, 2012-Ohio-4307, 978 N.E.2d 135, ¶ 25. As noted above, there was no mention of a plea agreement in the record until it was referenced by defense

counsel at the sentencing hearing.  Thus, the plea agreement was not stated on the record in open court as required by Crim.R. 11(F).  Nor was the plea agreement contained in the proceeding upon guilty plea form.  If the plea agreement was put into writing in some form, it was not made a part of the record.

{¶11} In *State v. Darnell*, this Court held that a plea agreement that "had not been accepted by the trial court or entered on the record" was unenforceable.  *State v. Darnell*, 4th Dist. Gallia No. 02CA15, 2003-Ohio-2775, ¶ 1.  In *Darnell*, the defendant entered into a signed plea agreement with the State in which he agreed to provide a signed statement regarding his knowledge of the incident at issue and also agreed to undergo a polygraph examination in exchange for a recommended sentence and other incarceration terms.  *Id.* at ¶ 2.  The State later expressed its intention to prosecute fully after Darnell refused to take the polygraph test.  *Id.* at ¶ 3.  The trial court denied Darnell's motion to enforce the plea agreement, determining that "it lacked authority to enforce the agreement since no plea agreement or negotiated plea had been stated on the record in open court."  *Id.* at ¶ 4.  Darnell then entered into another negotiated plea agreement with the State and appealed the trial court's denial of the original plea agreement.  *Id.*  This Court concluded that Darnell did not have an enforceable argument until 1) he entered his plea; 2) the trial court accepted his plea; and 3) the trial court accepted the underlying agreement upon which the plea was based.  *Id.* at ¶ 9.  In reaching our

decision, we reasoned that Darnell's argument "ignore[d] the court's role in the bargaining process" in that " '[t]he final judgment on whether the plea bargain shall be accepted must rest with the trial judge.' " *Id.*, quoting *City of Akron v. Ragsdale*, 61 Ohio App.2d 107, 109, 399 N.E.2d 119 (1978).

{¶12} In reaching our holding, we further reasoned as follows:

It is well accepted that the trial court has the discretion to accept or reject a plea agreement. *In re Disqualification of Mitrovich* (1990), 74 Ohio St.3d 1219, 1220, 657 N.E.2d 1333, citing *City of Akron v. Ragsdale* (1978), 61 Ohio App.2d 107, 399 N.E.2d 119. *See also, State v. Jewell* (Jan. 24, 1995) Meigs App. Nos. 94CA04, 94CA05; *In re Daniel E.* (1997), 122 Ohio App.3d 139, 701 N.E.2d 408; *State v. Vega*, Hamilton App. No. C-020486, 2003-Ohio-1548. Thus, any plea agreement between the state and a defendant is implicitly conditioned on the trial court's acceptance of that agreement. Until the trial court accepts the plea agreement, the agreement is unenforceable. *See State v. Stanley*, Mahoning App. No. 99-C.A.-55, 2002-Ohio-3007 (stating in a general discussion of negotiated plea agreements, that a plea agreement "is not binding until accepted by the court.")

Crim.R. 11(F) provides: "When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one

or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court." Under Crim.R. 11(F), the parties are required to state the plea agreement on the record at the time the defendant enters his guilty or no contest plea. Thus, the plea agreement is presented to the court for its approval at the time the defendant enters his plea. By accepting the defendant's guilty or no contest plea, the court accepts the underlying plea agreement. *See State v. Burchfield* (1997), 118 Ohio App.3d 53, 691 N.E.2d 1096 (finding that an unsigned plea agreement that had been neither stated on the record nor approved by the court was unenforceable.)

*Darnell, supra*, at ¶ 7-8. Thus, following the dictates of this Court's prior precedent set forth in *Darnell*, we conclude that here, because the plea agreement alleged by Jenkins, and not disputed by the State, was neither stated upon the record in open court nor put into writing, it was unenforceable.

{¶13} Although Jenkins entered guilty pleas and the trial court accepted those pleas, unlike in *Darnell*, there is no indication that the trial court accepted or approved the underlying agreement upon which the pleas were based, as required by Crim.R. 11(F). Further, it is not obvious from the record that Jenkins entered his guilty pleas pursuant to a negotiated plea agreement. None of the charges in

the case were dismissed or reduced. The Supreme Court of Ohio has cautioned courts that not "every plea of guilty is the result of a negotiated plea agreement * * *." *State v. Dye*, 127 Ohio St.3d 357, 2010-Ohio-5728, 939 N.E.2d 1217, ¶ 25. Additionally, even if the terms of the plea agreement had been stated upon the record in open court during Jenkins' change of plea hearing,

> it is well settled that "when a defendant enters a guilty plea in exchange for the prosecutor's promise to recommend a certain sentence, there is an implied condition that the circumstances surrounding the bargain will remain substantially the same; a substantial change in the circumstances is sufficient to relieve the state of its obligation."

*State v. Dowler*, *supra*, at ¶ 26, quoting *State v. Bembry*, 7th Dist. Columbiana No. 13CO33, 2014-Ohio-5498, ¶ 22; *see also State v. Hill*, 10th Dist. Franklin No. 12AP-463, 2013-Ohio-674, ¶ 20, citing *State v. Pascall*, 49 Ohio App.2d 18, 20, 358 N.E.2d 1368 (9th Dist. 1972).

{¶14} Of importance, "courts have held that implicit in a plea agreement is a promise by the defendant to appear at the sentencing hearing, and that a defendant breaches a plea agreement when the defendant fails to appear at the sentencing hearing." *State v. McCartney*, 12th Dist. Clinton No. CA2005-03-008, 2005-Ohio-5627, ¶ 10, citing *State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729, ¶ 8 and *State v. Hess*, 4th Dist. Adams No. 515, 1991 WL 286052, *6

(Dec. 24, 1991). Here, the only agreement that was put on the record in open court was that the sentencing hearing would be set two weeks later so that Jenkins could be furloughed to spend time with his father who was ill. Before concluding the change of plea hearing, the trial court warned Jenkins as follows:

> Now here's the problem. If you don't show back up on ten ten with a recognizance bond at nine a.m., the State can indict you for failure to appear. It's a felony of the fourth degree, but whatever the sentence is in that new charge, if there is a new charge, I have to tack on or make consecutive, uh, to what's going to happen in the other, uh, three indictments in 18-CR-359."

When Jenkins failed to appear for his sentencing hearing, the trial court issued a warrant for his arrest. He was not sentenced until he was arrested on the warrant seven weeks later. We believe that even if the plea agreement here had been stated on the record in open court in accordance with Crim.R. 11(F), Jenkins' failure to appear for sentencing constituted a breach of the plea agreement which relieved the State of its obligation to recommend a two-year sentence.

{¶15} Moreover, even if the State had recommended the agreed-upon two-year sentence, "the terms of a plea agreement are not binding on a trial court." *State v. Russell*, 4th Dist. Meigs No. 15CA11, 2016-Ohio-5290, ¶ 10, citing *State v. Liskany*, 196 Ohio App.3d 609, 2011-Ohio-4456, 964 N.E.2d 1073, ¶ 190; *State*

*v. Burks*, 10th Dist. Franklin No. 04AP-531, 2005-Ohio-1262 at ¶ 18; *State v. Darnell*, *supra*, at ¶ 7; *see also State v. Dowler*, *supra*, at ¶ 30 and *State v. Hitt*, 9th Dist. Summit No. 29048, 2019-Ohio-2201, ¶ 14 (stating that "it is well settled that a trial court is not bound by the terms of a plea agreement and it has a discretion to depart from the State's sentencing recommendation."). Stated another way, in *Russell*, *supra*, we observed that "this Court and others have held that punishment is not subject to negotiated pleas." *Russell* at *3.

{¶16} In light of the foregoing, we reject Jenkins' argument that the trial court erred in failing to enforce the plea agreement. Thus, we find no merit in the sole assignment of error raised on appeal. Accordingly, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**