THE STATE EX REL. ROWE, APPELLANT, *v.* MCCOWN, JUDGE, APPELLEE.

[Cite as *State ex rel. Rowe v. McCown,*
108 Ohio St.3d 183, 2006-Ohio-548.]

(No. 2005–1667—Submitted January 11, 2006—Decided February 22, 2006.)

**Per Curiam.**

{¶ 1} In July 2005, appellant, William E. Rowe Jr., an inmate at Chillicothe Correctional Institution, filed a petition in the Court of Appeals for Lawrence County for a writ of mandamus to compel appellee, Lawrence County Common Pleas Court Judge Frank J. McCown, to release him from prison in accordance with a plea agreement that he claimed the state had breached. As required by R.C. 2969.25, he attached an affidavit describing a prior civil action he had filed against a government employee within the previous five years.

{¶ 2} On July 25, 2005, the court of appeals nevertheless sua sponte dismissed Rowe's petition for failure to comply with the R.C. 2969.25 affidavit requirement.

{¶ 3} In his appeal as of right, Rowe asserts that the court of appeals erred in dismissing his petition.

{¶ 4} Dismissal of Rowe's mandamus petition was warranted because Rowe requested release from prison. Habeas corpus, rather than mandamus, is the proper action to seek this type of relief. *State ex rel. Nelson v. Griffin,* 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 5.

{¶ 5} Moreover, Rowe has or had "an adequate legal remedy to rectify any alleged breach of plea agreement by filing a motion with the sentencing court to either withdraw his previous guilty plea pursuant to Crim.R. 32.1 or specifically enforce the agreement." *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 491, 633 N.E.2d 1128. Rowe could also have appealed any judgment by Judge McCown denying his motion for judicial release.

{¶ 6} Finally, insofar as Rowe may have already unsuccessfully invoked some of these alternate remedies, "a writ of mandamus will not lie to relitigate the same issue." *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639.

{¶ 7} Based on the foregoing, although the court of appeals erred in relying on R.C. 2969.25 to dismiss Rowe's petition, its judgment dismissing the petition was appropriate. Cf. *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 8 ("Reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous"). Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

William E. Rowe, pro se.

Lynn Alan Grimshaw, for appellee.