[Cite as *State v. Francis*, 2011-Ohio-4497.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 :          Case No: 10CA2
                                        :
    v.                                  :
                                        :          DECISION AND
MICHAEL FRANCIS,                        :          JUDGMENT ENTRY
                                        :
    Defendant-Appellant.                :          File-stamped date:  9-01-11

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, Columbus, Ohio, and Peter Galyardt, Ohio Assistant Public Defender, Columbus, Ohio, for Appellant.

Colleen S. Williams, Meigs County Prosecutor, and Matthew J. Donahue, Meigs County Assistant Prosecutor, Pomeroy, Ohio, for Appellee.

_____

Kline, J.:

{¶1}     Michael Francis (hereinafter "Francis") appeals the judgment of the Meigs County Court of Common Pleas, which denied Francis's motion to withdraw his guilty plea.  On appeal, Francis initially contends that the trial court should have granted his motion for judicial release.  Essentially, Francis argues (1) that the trial court did not keep its promise to let him out of prison after one year and (2) that the state failed to honor its plea agreement.  Francis did not, however, appeal from the denial of his motion for judicial release.  As a result, we find that this portion of Francis's appeal is untimely, and we dismiss this portion of his appeal for lack of jurisdiction.  Next, Francis contends that the trial court should have granted his motion to withdraw his guilty plea.

Here, because Francis's underlying sentence is void, we remand this matter for the trial court to consider Francis's motion to withdraw his guilty plea under the presentence, freely-and-liberally standard. Accordingly, as it relates to Francis's motion to withdraw his guilty plea, we reverse the judgment of the trial court.

I.

**{¶2}** A Meigs County Grand Jury indicted Francis for escape. Eventually, Francis entered into a plea agreement with the state. Under the plea agreement, Francis would plead guilty, and the state would recommend a two-year prison sentence. The state also agreed to join Francis in a motion for judicial release after he had served one year in prison.

**{¶3}** On September 17, 2008, Francis pled guilty to one count of escape, a second-degree felony, in violation of R.C. 2921.34(A)(1) & (C)(2)(a). During the change of plea hearing, the trial court judge said that he "told [Francis's attorney] in chambers that [the court] was going to let [Francis] out after one year." September 17, 2008 Transcript at 3. But the trial court also said that "the Court doesn't guarantee any sentence[.]" Id. at 4.

**{¶4}** The trial court did not follow the recommendation of the plea agreement. Instead, the trial court imposed the following sentence: that Francis "be imprisoned and confined at the appropriate state penal institution, for a **determinate sentence of eight (8) years, which sentence is not mandatory**.

**{¶5}** "It is further **ORDERED** that **four years of said sentence is suspended** and the Defendant placed on **community control, intensive supervision**, for a period of

five years, upon the Standard Terms, as previously journalized and the following

Special Conditions * * *."  September 22, 2008 Sentencing Entry (emphasis sic).

**{¶6}** On September 4, 2009, Francis filed his motion for judicial release.  Despite

the plea agreement, the state did not join Francis's motion.  Instead, the state

responded that it would "not object" to judicial release for Francis.  Eventually, in an

October 7, 2009 entry, the trial court denied Francis's motion for judicial release.

Francis, however, did not appeal from that order.

**{¶7}** On December 30, 2009, Francis filed a motion to withdraw his guilty plea.

Francis based his motion on (1) the state not abiding by the plea agreement and (2) the

trial court not granting his motion for judicial release.  The state opposed Francis's

motion to withdraw his guilty plea by arguing that Francis had failed to assert a manifest

injustice.

**{¶8}** On January 27, 2010, the trial court denied Francis's motion to withdraw his

guilty plea without opinion.  Francis filed his notice of appeal on February 19, 2010.

**{¶9}** On appeal, Francis asserts the following two assignments of error: I. "Mr.

Francis was deprived of his right to due process under the Fifth and Fourteenth

Amendments to the United States Constitution and Sections 10 and 16, Article I of the

Ohio Constitution when the trial court denied his September 4, 2009 motion for judicial

release."  And, II. "The trial court abused its discretion when it denied Mr. Francis's

December 30, 2009 motion to withdraw his guilty plea."

II.

**{¶10}** In his first assignment of error, Francis contends that the trial court erred

when it denied his motion for judicial release.  However, before we may consider the

merits of Francis's first assignment of error, we must address whether this portion of his appeal is timely.

**{¶11}** Francis failed to appeal from the denial of his motion for judicial release. Because of this, the state argues that the judicial-release portion of Francis's appeal – i.e., the first assignment of error – is untimely. Francis responds that the denial of a motion for judicial release is not a final appealable order. And for that reason, Francis argues that this portion of his appeal is timely. Here, we agree with the state.

**{¶12}** "The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal." *State v. Thacker*, Lawrence App. No. 02CA35, 2002-Ohio-7443, at ¶3, citing *Ross v. Harden* (1982), 8 Ohio App.3d 34. "If a party fails to file a notice of appeal within thirty days as required by App.R. 4(A), we do not have jurisdiction to entertain the appeal. The timely filing of a notice of appeal under this rule is a jurisdictional prerequisite to our review." *State v. Kaiser*, Lawrence App. No. 10CA1, 2010-Ohio-4616, at ¶12 (internal quotation omitted). See, also, *State v. Cremeens*, Vinton App. No. 06CA646, 2006-Ohio-7092, at ¶6; *Thacker* at ¶2; *State v. Sides*, Lake App. No. 2008-L-145, 2008-Ohio-6058, at ¶6; *State v. Sturkey*, Muskingum App. No. CT2006-0087, 2007-Ohio-5701, at ¶21.

**{¶13}** "Ordinarily, the denial of a motion for judicial release is not a final, appealable order. *State v. Woods* [(2001)], 141 Ohio App.3d 549, 550[.] The Ohio Supreme Court, however, has implied that there is an exception if the defendant's argument is that the State breached a plea agreement. [See] *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183[,] 2006-Ohio-548, at ¶5. In *McCown*, Mr. Rowe petitioned for a writ of mandamus, arguing that the State had breached their plea agreement. Id. at ¶1[.] The Supreme

Court affirmed the court of appeals' dismissal of the petition, in part, because it concluded that Mr. Rowe had an adequate legal remedy. Id. at ¶5[.] It noted that he could have moved to withdraw his plea or to enforce the agreement, or could have appealed the trial court's denial of his motion for judicial release. Id." *State v. Jimenez*, Summit App. No. 24609, 2009-Ohio-4337, at ¶6. But, see, *State v. Williams*, Franklin App. No. 07AP-1035, 2008-Ohio-1906, at ¶10 (concluding "that appellant may not avoid th[e] jurisdictional barrier by arguing that the trial court 'broke its agreement' to grant a motion for judicial release after three months").

**{¶14}** We agree with the Ninth Appellate District's interpretation of *McCown* and find that the denial of Francis's motion for judicial release was a final appealable order. Furthermore, not only do we follow the language of *McCown*, but we also find that the denial of Francis's motion for judicial release affected a substantial right. A "substantial right" is "'a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.' A substantial right is, in effect, a legal right that is enforced and protected by law." *State v. Coffman*, 91 Ohio St.3d 125, 127, 2001-Ohio-296, quoting R.C. 2505.02(A)(1). Generally, the denial of a motion for judicial release does not affect a substantial right. See, e.g., *State v. Williams*, Cuyahoga App. No. 95359, 2011-Ohio-120, at ¶10; *State v. Foti*, Geauga App. No. 2010-G-2983, 2010-Ohio-4561, at ¶3. But here, Francis argues, in part, that the state broke a plea agreement by not joining his motion for judicial release. "[A] plea agreement is a contract and subject to interpretation under contract law standards." *State v. Pasturzak*, Scioto App. No. 08CA3252, 2009-Ohio-4222, at ¶12 (citations omitted). Therefore, Francis essentially argues that the state breached a

contract. And clearly, contract rights are protected under the common law. As a result, we find that the denial of Francis's motion for judicial release affected a substantial right.

{¶15} For the foregoing reasons, we find that the denial of Francis's motion for judicial release was a final appealable order. And because he did not appeal from that order, the portion of Francis's appeal that relates to his motion for judicial release is untimely. Accordingly, we dismiss this portion of the appeal for lack of jurisdiction, and we decline to address Francis's first assignment of error.

III.

{¶16} In his second assignment of error, Francis contends that the trial court erred in denying Francis's motion to withdraw his guilty plea.

A.

{¶17} Before considering Francis's second assignment of error, we must examine the propriety of his sentence. Here, we find that Francis's underlying sentence is void. For the single offense of escape, the trial court imposed both an eight-year prison sentence (with four years suspended) *and* a five-year period of community control. "[T]he sentencing statute[, however,] does not allow a trial court to impose both a prison sentence and community control for the same offense." *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, at ¶5 (citations omitted). See, also, *State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930, at ¶16 ("[T]rial courts need to decide which sentence is most appropriate – prison or community control sanctions – and impose whichever option is deemed to be necessary."). The state concedes that Francis's sentence is contrary to law. Furthermore, the state argues that Francis's sentence is void. We agree. "Any attempt by a court to disregard statutory requirements when imposing a

sentence renders the attempted sentence a nullity or void." *State v. Beasley* (1984), 14

Ohio St.3d 74, 75, superseded by statute on other grounds. And because the trial court

disregarded statutory requirements when it sentenced Francis to both a prison term and

community control sanctions, we find that Francis's sentence is void.

**{¶18}**     Accordingly, because it is void, we vacate Francis's sentence. See, e.g.,

*State v. Adams*, Scioto App. Nos. 04CA2959 & 05CA2986, 2009-Ohio-6491, at ¶97

(vacating a void sentence).

B.

**{¶19}**     Next, we will address whether the trial court erred when it denied Francis's

motion to withdraw his guilty plea.

**{¶20}**     "[T]he decision whether to grant a Crim.R. 32.1 motion to withdraw a plea lies

in a trial court's sound discretion and should not be reversed absent an abuse of that

discretion." *State v. Nickelson*, Lawrence App. No. 10CA21, 2011-Ohio-1352, at ¶7,

citing *State v. Xie* (1992), 62 Ohio St.3d 521, at paragraph two of the syllabus. An

abuse of discretion connotes more than a mere error of judgment; it implies that the

court's attitude is arbitrary, unreasonable, or unconscionable. *State v. Adams* (1980),

62 Ohio St.2d 151, 157.

**{¶21}**     Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may

be made only before sentence is imposed; but to correct manifest injustice the court

after sentence may set aside the judgment of conviction and permit the defendant to

withdraw his or her plea." Trial courts apply different standards to Crim.R. 32.1 motions

made before and after sentencing. A presentence motion to withdraw a guilty plea

should "'be freely allowed and treated with liberality[.]'" *State v. Peterseim* (1980), 68

Ohio App.2d 211, 213, quoting *Barker v. United States* (C.A.10, 1978), 579 F.2d 1219, 1223.  In contrast, "Crim.R. 32.1 requires a defendant making a postsentence motion to withdraw a plea to demonstrate manifest injustice because it is designed 'to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'"  *Boswell* at ¶9, quoting *State v. Caraballo* (1985), 17 Ohio St.3d 66, 67.

**{¶22}**     Here, Francis's void sentence affects our analysis of his second assignment of error.  This is so because "[a] motion to withdraw a plea of guilty or no contest made by a defendant who has been given a void sentence must be considered as a presentence motion under Crim.R. 32.1."  *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, syllabus, superseded by statute on other grounds.

**{¶23}**     Therefore, because Francis's sentence is void, we find that the trial court applied the wrong standard when it decided Francis's motion to withdraw his guilty plea.  The trial court should have applied the standard for presentence motions instead of the postsentence standard.  We acknowledge that the trial court denied Francis's motion without opinion.  Nevertheless, both Francis and the state argued that Francis's motion should have been treated as a *postsentence* motion to withdraw.  Furthermore, the trial court did not correct Francis's void sentence.  Therefore, we must presume that the trial court applied the standard for postsentence motions.  And by applying the wrong standard, the trial court abused its discretion.  Accordingly, we remand this case for the trial court to consider Francis's motion to withdraw his guilty plea under the appropriate, presentence standard.

**{¶24}** Our remand follows the decision in *Boswell*. After the trial court in *Boswell* ruled on a motion to withdraw a guilty plea without opinion, the Supreme Court of Ohio remanded the case so that the trial court could consider the defendant's motion "under the liberal standard of *Xie*[.]" *Boswell* at ¶7. We choose the same result in the present case. "This does not mean, however, that [Francis] has an absolute right to withdraw his plea. * * * '[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.'" Id. at ¶10, quoting *Xie* (internal citation omitted).

C.

**{¶25}** Accordingly, we sustain Francis's second assignment of error. First, we vacate Francis's void sentence. Second, on remand, the trial court must consider Francis's motion to withdraw his guilty plea under the presentence, freely-and-liberally standard. And finally, we order resentencing if Francis's motion to withdraw his guilty plea is ultimately denied. See *Boswell* at ¶13.

IV.

**{¶26}** In conclusion, the portion of Francis's appeal that relates to his motion for judicial release is untimely. Therefore, we dismiss that portion of Francis's appeal and decline to consider his first assignment of error. We also vacate Francis's sentence, and we remand this case for the trial court to consider Francis's motion to withdraw his guilty plea under the standard for presentence motions. Accordingly, this appeal is dismissed in part, and we reverse the trial court's denial of Francis's motion to withdraw his guilty plea. Finally, we remand this cause to the trial court for further proceedings consistent with this opinion.

**APPEAL DISMISSED IN PART, JUDGMENT REVERSED IN PART,
AND CAUSE REMANDED.**

**<u>JUDGMENT ENTRY</u>**

It is ordered that the APPEAL BE DISMISSED IN PART, the JUDGMENT BE REVERSED IN PART, and this CAUSE BE REMANDED to the trial court for further proceedings consistent with our opinion.  Appellant and Appellee shall pay equally the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, P.J. and McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
       Roger L. Kline, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**