[Cite as *State v. Wilson*, 2018-Ohio-2498.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DEREECE WILSON

    Appellant

C.A. No.     28800

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2015-07-2285

DECISION AND JOURNAL ENTRY

Dated: June 27, 2018

SCHAFER, Presiding Judge.

{¶1}    Defendant-Appellant, Dereece Wilson appeals his conviction for involuntary manslaughter in the Summit County Court of Common Pleas. We affirm.

I.

{¶2}    Wilson's charges stem from his sale of fentanyl to J.E., who died as a result of an overdose from using those drugs. Consequently, the Summit County Grand Jury indicted Wilson on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)/(C)(1), a felony of the fourth degree, and one count of aggravated possession of drugs in violation of R.C. 2925.11(A)/(C)(1), a felony of the fifth degree, one count of involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree, one count of corrupting another with drugs in violation of R.C. 2925.02(A)(3), a felony of the second degree, and one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)/(C)(1), a felony of the third degree.

**{¶3}** Pursuant to a plea agreement, Wilson ultimately pleaded guilty to the charges of involuntary manslaughter and aggravated possession of drugs and the remaining charges were dismissed. In exchange for Wilson's plea, the prosecutor agreed to recommend a sentence of not more than six years. The trial court accepted the guilty plea after conducting a Crim.R. 11 colloquy with Wilson and thereafter ordered a presentence investigation. The trial court ultimately sentenced Wilson to nine years imprisonment on the manslaughter charge and one year imprisonment of the aggravated possession of drugs charge, with the sentences to be served concurrently.

**{¶4}** Wilson filed this timely appeal, raising one assignment of error for our review.

II.

### Assignment of Error

**[Wilson]'s guilty plea to involuntary manslaughter was not made knowingly, intelligently, and voluntarily.**

**{¶5}** In his sole assignment of error, Wilson contends that his guilty plea to involuntary manslaughter was not made knowingly, intelligently, and voluntarily because although the trial court informed him of the maximum sentences that could be imposed, the court did not inform him that it was not bound to impose the terms agreed upon by the plea agreement. We disagree.

**{¶6}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). In order to ensure that a plea conforms to these high standards, a trial court must engage a defendant in a colloquy as described in Crim R. 11(C). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 26. "In conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his * * * plea." *Id*. The Supreme Court of Ohio has urged literal compliance with the mandates of

Crim.R. 11. *Id.* at ¶ 29. "However, in the absence of literal compliance, 'reviewing courts must engage in a multitiered analysis to determine whether the trial court failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy.'" *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 6, quoting *Clark* at ¶ 30.

> When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, * * * the plea may be vacated only if the defendant demonstrates a prejudicial effect. The test for prejudice is whether the plea would have otherwise been made. If the trial judge completely failed to comply with the rule, * * * the plea must be vacated. A complete failure to comply with the rule does not implicate an analysis of prejudice.

(Internal quotations, citations, and emphasis omitted.) *Clark* at ¶ 32. "A defendant may seek to vacate his guilty plea either by filing a motion to withdraw the plea in the trial court or upon direct appeal." *State v. Aguilar*, 9th Dist. Wayne No. 10CA0051, 2011-Ohio-6008, ¶ 8.

{¶7} Crim.R. 11(C)(2)(a) states that a trial court shall not accept a plea of guilty without first addressing the defendant personally and "[d]etermining that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, * * *." Wilson's only argument on appeal is that although the trial court informed him of the maximum sentences that could be imposed, it did not inform him that the court was not bound to impose the terms agreed upon by the plea agreement and as a result, he believed the maximum term of imprisonment that the trial court could impose on him was that which was recommended by the prosecutor. However, Wilson's contention is belied by the record. Prior to accepting Wilson's plea, the following colloquy occurred:

> THE COURT: Mr. Wilson do you understand that as part of the plea negotiations there will be no agreement as to sentencing? The plea agreement is that you are

going to plead guilty to certain charges but we're going postpone sentencing until a later date, and we'll order the preparation of a pre-sentence investigation report.

And then at the day of sentencing the [c]ourt will sentence based on what's in the pre-sentence report, what you and your lawyer have to say, and what the prosecutor has to say. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: So you understand that there's no agreement as the sentencing at this point?

THE DEFENDANT: Yes.

**{¶8}** Accordingly, Wilson's assignment of error is overruled.

### III.

**{¶9}** Wilson's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


                                 _____

                                 JULIE A. SCHAFER
                                 FOR THE COURT



HENSAL, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.