[Cite as *State v. Hitt*, 2019-Ohio-2201.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 29048 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER HITT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2013-09-2448 |

DECISION AND JOURNAL ENTRY

Dated: June 5, 2019

CARR, Presiding Judge.

**{¶1}** Appellant, Christopher Hitt, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms and dismisses in part.

I.

**{¶2}** In 2013, the Summit County Grand Jury indicted Hitt on one count of rape with a repeat violent offender specification and one count of gross sexual imposition. Hitt ultimately entered into a plea agreement where the indictment was amended and he pleaded guilty to sexual battery and gross sexual imposition. The repeat violent offender specification was dismissed. The trial court imposed a 36-month prison sentence for sexual battery and an 18-month prison sentence for gross sexual imposition. The trial court ordered that those sentences were to be served consecutively for a total prison sentence of four years and six months. Hitt was classified as a Tier III Sex Offender. In its April 3, 2015 sentencing entry, the trial court specified that Hitt

could file a motion for judicial release after he served three years in prison, at which time the trial court would take the motion into consideration.

{¶3} On March 22, 2018, Hitt filed a motion for judicial release. After an initial hearing, the trial court issued a journal entry denying the motion. Though Hitt promptly filed a motion for reconsideration, the trial court denied that motion as well.

{¶4} Hitt filed a notice of appeal from the journal entry denying his motion for judicial release as well as the journal entry denying his motion for reconsideration. Hitt also successfully moved this Court for a delayed appeal from the April 3, 2015 sentencing entry. Now before this Court, Hitt raises two assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN REFUSING TO HONOR THE SENTENCE IMPOSED UPON APPELLANT AS NEGOTIATED AND IMPOSED IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

### ASSIGNMENT OF ERROR II

APPELLANT'S PLEA WAS NOT KNOWINGLY, [INTELLIGENTLY], AND VOLUNTARILY MADE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶5} Both of Hitt's assignments of error are related to the trial court's denial of his motion for judicial release. In his first assignment of error, Hitt contends that the trial court violated his due process rights when it denied his motion for judicial release. In his second assignment of error, Hitt contends that his plea was invalid because he did not have knowledge that the trial court would deviate from the parties' agreement at the time it ruled on his motion for judicial release.

## Background

{¶6} The parties appeared for the plea hearing in this matter on March 20, 2015. At the outset of the hearing, the State detailed the terms of the plea agreement and stated that the parties jointly recommended a total prison sentence of four and a half years "with an agreed judicial release after three years in prison including time served." Defense counsel acknowledged that the State had correctly stated the terms of the plea agreement. The written plea form also reflected the parties' agreement pertaining to judicial release. During the plea colloquy, the trial court acknowledged that parties' agreement regarding judicial release but informed Hitt that it would evaluate that issue at the time the motion was filed. Specifically, the trial court noted its practice of pulling prison reports to determine whether the defendant had been misbehaving or disobeying rules in prison.

{¶7} At the sentencing hearing, the State reiterated that it was "not opposed to judicial release after three years that is, of course, contingent upon good behavior while in the institution[.]" In its April 3, 2015 sentencing entry, the trial court noted that "when [Hitt] becomes eligible and after he has served Three (3) years in the Institution, he may file a motion for Judicial Release, which this Court will take into consideration."

{¶8} Hitt filed his motion for judicial release on March 22, 2018. The State did not oppose the motion. When the parties appeared for a hearing, defense counsel briefly summarized the terms of the plea agreement and further indicated that it was his understanding that Hitt would be "favorably considered" for judicial release. The State confirmed that it had agreed that it would not oppose judicial release absent any disciplinary issues in prison. At the end of the hearing, the trial court took the matter under advisement. Subsequently, the trial court

issued an order denying the motion on April 25, 2018. The trial court denied Hitt's motion for reconsideration on April 30, 2018.

## Judicial Release

{¶9}    In support of his assignment of error, Hitt contends that the trial court erred in denying his motion for judicial release after he served three years in prison without any behavioral issues.

{¶10}   As an initial matter, this Court must address whether it has jurisdiction over Hitt's appeal from the April 25, 2018 order denying his motion for judicial release and the April 30, 2018 order denying his motion for reconsideration. Generally speaking, a trial court's denial of a motion for judicial release is not a final, appealable order. *State v. Jimenez*, 9th Dist. Summit No. 24609, 2009-Ohio-4337, ¶ 6, citing *State v. Woods*, 141 Ohio App.3d 549, 550 (2001). This Court has recognized an exception under circumstances where an appellant argues that the State breached the terms of the plea agreement during the judicial release proceedings. *Jimenez* at ¶ 6, citing *State ex rel. Rowe v. McCown,* 108 Ohio St.3d 183, 2006-Ohio-548, ¶ 5; *see also State v. Unik*, 9th Dist. Lorain No. 11CA009996, 2012-Ohio-307, ¶ 6.

{¶11}   Hitt acknowledges the aforementioned standard in his merit brief and he stresses that a plea agreement is a contract that is binding on the State. Notably, however, Hitt's argument with respect to prejudice centers on the role of the trial court in denying his motion. Hitt concedes that "[a]t the hearing on the Motion for Judicial Release, the [S]tate again indicated that it agreed not to oppose judicial release after three years." Though Hitt emphasizes the State's role in the formation of the plea agreement, he ultimately contends that "the trial court materially breached the terms of the agreement by denying [him] judicial release." Hitt does not explain how the trial court's denial of the motion for judicial release resulted from a breach on

the part of the State.  Instead, the crux of Hitt's argument is that the trial court failed to honor the terms of the plea agreement.  Under these circumstances, where Hitt does not contend that the State breached the plea agreement, this Court does not have jurisdiction to review Hitt's appeal from the April 25, 2018 order denying his motion for judicial release and the April 30, 2018 order denying his motion for reconsideration as those orders do not constitute final, appealable orders.  Therefore, Hitt's appeal from those orders is dismissed.

## **Plea**

{¶12}  Hitt offers a succinct argument in support of his position that his plea was not knowing, intelligent, and voluntary.  Namely, Hitt maintains that he was not notified during the plea colloquy that the trial court would not comply with the plea agreement as it pertained to his motion for judicial release.  Hitt further suggests that he was prejudiced by the fact that the trial judge who presided over the plea colloquy was different from the judge who ruled on the motion for judicial release.

{¶13}  "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).  "In order to ensure that a plea conforms to these high standards, a trial court must engage a defendant in a colloquy as described in Crim.R. 11(C)." *State v. Wilson*, 9th Dist. Summit No. 28800, 2018-Ohio-2498, ¶ 6, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 26.  "[I]n conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his * * * plea." *Id.*

{¶14} Hitt's argument is without merit as this case does not involve a scenario where the trial court conveyed inaccurate information at the plea colloquy. As an initial matter, it is well settled that a trial court is not bound by the terms of a plea agreement and it has discretion to depart from the State's sentencing recommendation. *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 5. Here, the trial court was not bound by the parties' agreement in regard to ruling on the motion for judicial release. *See generally State v. Dowler*, 4th Dist. Athens No. 15CA7, 2015-Ohio-5027, ¶ 30. While the written plea agreement states that the parties agreed to judicial release after three years, it further stipulated that Hitt "[understood] that the Prosecutor's recommendation does not have to be followed by the Court." Though Hitt now contends that he would not have entered his guilty pleas if he had knowledge that the trial court might deny his motion for judicial release, the record shows that the trial court never assured Hitt that judicial release would be granted. When Hitt requested a week to attend to personal affairs prior to the sentencing hearing, the trial court warned defense counsel that "if there [are] any problems [Hitt is] getting the full time without judicial [release]." During the plea colloquy, the trial judge stated that it always made a practice of reviewing an offender's record during judicial release proceedings. The trial court specified that "even on agreed judicial releases, I pull the prison reports." While the trial court acknowledged the language in the written plea agreement pertaining to judicial release, it never guaranteed that it would grant judicial release, and it strongly suggested that it would deny judicial release if Hitt had any issues while in prison. Moreover, because the trial court made clear to Hitt that judicial release was not a certainty at the time of the plea colloquy, the fact that a different judge presided over the judicial release proceedings is immaterial. Under these circumstances, Hitt cannot prevail on his argument.

{¶15} The second assignment of error is overruled.

III.

{¶16}  This Court does not have jurisdiction to reach Hitt's first assignment of error. The second assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Appeal dismissed in part,
and judgment affirmed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
CONCURS.

8

CALLAHAN, J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

**{¶17}** Because Mr. Hitt has appealed from an order that affected a substantial right, I disagree with the majority's conclusion that this Court lacks jurisdiction to consider his appeal from the trial court's order that denied him judicial release, as discussed in his first assignment of error. I would review the merits of Mr. Hitt's first assignment of error and affirm because an appeal from an order that denies judicial release is not the appropriate remedy in this case. I agree with the majority's decision to affirm the trial court's judgment in part as discussed in the resolution of his second assignment of error, but for different reasons.

**{¶18}** In *State v. Jimenez*, 9th Dist. Summit No. 24609, 2009-Ohio-4337, this Court considered an appeal from an order that denied the defendant's motion for judicial release two years after he entered a guilty plea. *Id*. at ¶ 1. On appeal, the defendant alleged that both the State and the trial court judge had breached a term of the plea agreement. *Id.* at ¶ 5. This Court noted that the Ohio Supreme Court had "implied" that an order that denies a motion for judicial release is a final appealable order "if the defendant's argument is that the State breached a plea agreement." *Id*. at ¶ 6, citing *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183, 2006-Ohio-548, ¶ 5. *McCown*, which was an opinion that affirmed the dismissal of a petition for a writ of mandamus, concluded that the relator in that case had adequate remedies at law, including an appeal from an order that denied a motion for judicial release. *McCown* at ¶ 5. *McCown* did not analyze the jurisdiction of a court of appeals. In *Jimenez*, this Court relied upon *McCown's* recognition that the Relator had an adequate remedy at law but, likewise, did not analyze the jurisdictional question presented.

**{¶19}** The Fourth District Court of Appeals, however, has done so. *See State v. Francis*, 4th Dist. Meigs No. 10CA2, 2011-Ohio-4497, ¶ 14. In *Francis*, the Court agreed with this

Court's conclusion regarding jurisdiction in *Jimenez*, but went on to explain that the reason the order was final and appealable was that it affected a substantial right under R.C. 2505.02. *Francis* at ¶ 14. Specifically, the Fourth District concluded that in the context of an alleged breach of a plea agreement by the State, an order that denies judicial release affected the defendant's substantial rights related to enforcement of a contract. *Id*.

{¶20} *McCown*, *Jimenez*, and *Francis* did not consider whether an order that denies a motion for judicial release is final and appealable in the context of an alleged breach of a plea agreement by the trial court. By addressing the merits of the appellant's argument regarding an alleged breach by the trial court, however, this Court's opinion in *Jimenez* implied that our jurisdiction extended to that issue. *Jimenez* at ¶ 7. Regardless, this Court should consider whether the requirements of R.C. 2505.02 are met in this case.

{¶21} As this Court has recognized, an order that denies a motion for judicial release is not generally a final appealable order. *State v. Woods*, 141 Ohio App.3d 549, 550 (9th Dist.2001), citing *State v. Coffman*, 91 Ohio St.3d 125, 127 (2001). (applying the holding in *Coffman* that the determination of a motion for shock probation did not meet the requirements of R.C. 2505.02(B)(2) to motions for judicial release). R.C. 2505.02(B)(2) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it * * * affects a substantial right made in a special proceeding[.]" A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). The right to due process is a substantial right for purposes of R.C. 2505.02(A)(1). *See Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, ¶ 12-21.

{¶22} As this Court has observed, plea agreements generally "are made between the prosecutor and the defendant, not the court and the defendant." *State v. Lee*, 9th Dist. Wayne No. 16AP0060, 2018-Ohio-3418, ¶ 17. Nonetheless, a plea agreement may become binding on the trial court when it "accepts a plea bargain and makes a promise to impose sentence in a certain manner, consistent with the agreement[.]" *State v. Burks,* 10th Dist. Franklin No. 04AP-531, 2005-Ohio-1262, ¶ 19. A breach, in this context, "'impairs the consensual character of the plea.'" *Id*. at ¶ 21, quoting *State v. Thompson*, 9th Dist. Wayne No. 2240, 1987 WL 13659, *2 (June 17, 1987). That, in turn, implicates due process. *See State v. Rieves*, 8th Dist. Cuyahoga No. 105386, 2018-Ohio-955, ¶ 61; *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, ¶ 18-19.

{¶23} When a defendant alleges that the trial court made a promise regarding judicial release in the context of a guilty plea that was ultimately breached, the denial of a motion for judicial release affects the defendant's substantial right to due process because it may bear on the consensual nature of the plea. Accordingly, I would conclude that this Court has jurisdiction to consider Mr. Hitt's first assignment of error on the merits. As this Court recognized in *Jimenez*, however, oral statements regarding judicial release during plea proceedings will not sustain a successful challenge to a subsequent order that denies judicial release. *Jimenez*, 2009-Ohio-4337, at ¶ 7. In this case, Mr. Hitt's written plea agreement, which was approved by the trial court, contained a reference that read "JR agreed after 3 [years]." The trial court made some oral representations regarding judicial release, but, as in *Jimenez*, did not include those terms in the sentencing entry. On that basis, I would overrule Mr. Hitt's first assignment of error.

{¶24} Mr. Hitt's second assignment of error relates to his delayed appeal from his conviction. A defendant who pleads guilty waives the right to challenge actions taken by the

trial court except to the extent that those actions affected the knowing and voluntary nature of the plea. *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 18 (9th Dist.). A defendant who does so necessarily must rely only on matters that are apparent from the record at the time of the conviction. This is because an appeal *from the conviction* can challenge only what happened during the course of the plea itself. Mr. Hitt's only argument is that events that occurred after his conviction cast doubt on the voluntary nature of his plea; he has not argued that anything that occurred during the plea proceedings rendered it involuntary. I would overrule Mr. Hitt's second assignment of error on this basis alone.

{¶25} One issue remains—the question of what remedy a defendant in Mr. Hitt's position might have. Crim.R. 32.1 provides that a court may set aside a judgment of conviction and permit the withdrawal of a guilty plea after sentencing in order to correct manifest injustice. A post-sentence motion to withdraw a guilty plea is a potential remedy when a defendant argues that representations by the trial court that did not come to fruition affected the voluntary nature of the plea. *See e.g. Burks*, 2005-Ohio-1262, at ¶ 29. In that respect, I would note that because Mr. Hitt could not raise his arguments in the context of this appeal, res judicata would not bar them in a motion under Crim.R. 32.1. *See generally State v. Graham*, 9th Dist. Summit No. 28153, 2017-Ohio-908, ¶ 10 (explaining that res judicata applies to Crim.R. 32.1 motions when the defendant's arguments were raised or could have been raised on appeal).

{¶26} This Court has jurisdiction to consider Mr. Hitt's appeal from the order that denied his motion for judicial release. I would consider the merits of his first assignment of error and overrule it. Mr. Hitt has not argued that his plea was not knowing and voluntary due to anything that happened before his conviction, and I would overrule his second assignment of error on this basis alone. For these reasons, I dissent from the majority's decision to dismiss his

12

appeal with respect to the denial of judicial release. I agree with the outcome reached by the majority in connection with Mr. Hitt's delayed appeal from his conviction, but for different reasons.

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.