[Cite as *State v. Parsons*, 2024-Ohio-3367.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

  v.

CULLEN PARSONS,

      DEFENDANT-APPELLANT.

CASE NO. 7-23-20

**O P I N I O N**

---

Appeal from Henry County Common Pleas Court
Trial Court No. 15CR0082

**Judgment Reversed and Cause Remanded**

**Date of Decision: September 3, 2024**

---

APPEARANCES:

    *Michael G. Aird* and *Michael H. Stahl* for Appellant

    *Gwen Howe-Gebers* for Appellee

**MILLER, J.**

{¶1} Defendant-Appellant, Cullen Parsons ("Parsons"), appeals the October 23, 2023 judgment issued by the Henry County Court of Common Pleas denying his motion for leave to file an untimely motion for a new trial. Among his arguments on appeal, Parsons contends that the trial court applied an incorrect legal standard in deciding the motion. For the reasons that follow, we agree with that contention, reverse the trial court's judgment, and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} On October 1, 2015, Parsons was indicted on counts for attempted murder, felonious assault, and improper handling of a firearm in a motor vehicle (along with various specifications for each count). Parsons waived his right to a jury trial, and a two-day bench trial took place on March 7 and 8, 2016. The trial court found Parsons guilty of the three charged offenses, along with a firearm specification under R.C. 2941.146 for each of the first two offenses. The trial court then sentenced Parsons to a total of 12 years in prison.

{¶3} On March 20, 2023, attorneys for Parsons filed a "Motion for Leave to File Delayed Motion for A New Trial Based Upon Newly Discovered Evidence Pursuant to Ohio Criminal Rule 33." In the motion, Parsons asked the trial court "for an order permitting him to file a Delayed Motion for a New Trial pursuant to

Ohio Rule of Criminal Procedure 33(B)." He indicated the motion was "based upon newly discovered evidence, previously unavailable to [him] and procured through a public records request to the Defiance County Prosecutor's office." Parsons relied on four pieces of (alleged) newly discovered evidence and argued they demonstrated that a witness for the State—who had testified he heard Parsons admit to the shooting at issue—testified falsely at the trial.

{¶4} On July 20, 2023, the trial court held a hearing on the motion for leave. The State opposed the motion, arguing Parsons had not established, by clear and convincing proof, that he was unavoidably prevented from discovering the evidence.[1] (*See* Aug. 28, 2023 Motion in Opposition for Leave to File for New Trial at 9). On October 23, 2023, the trial court issued a judgment denying the motion for leave. In its judgment entry, the trial court stated, "[i]t is not enough to say that the Defendant was unavoidably prevented from discovering *any* evidence whatsoever" but, rather, "[t]hat evidence must be material in order to be granted leave to file a motion for a new trial." (Emphasis in original) (Oct. 23, 2023 Judgment Entry at 7). The trial court decided that, "[b]ecause the Defendant's Motion fails under the due process analysis, as he has failed to demonstrate materiality, *the Court need not determine whether he was unavoidably prevented from filing his motion in a timely fashion* or whether he demonstrated that the State

---

[1] Similarly, the State argues in this appeal that Parsons "was not unavoidably prevented from discovering 'new evidence' as reasonable diligence by [him] could have discovered the information." (Appellee's Brief at 9).

suppressed the" evidence. (Emphasis added) (*Id.* at 9). The trial court denied the motion for leave, and Parsons then initiated this appeal.

## II. ASSIGNMENT OF ERROR

Parsons raises a single assignment of error for our review:

**Assignment of Error**

**The trial court abused its discretion by applying the incorrect standard to deny appellant's Motion for Leave to File a New Trial, by finding the State has no obligation to provide cell-assignment records even when they are materially exculpatory, and by making findings regarding the materiality of the new evidence that are [i]nconsistent with the record.**

## III. DISCUSSION

**{¶5}** Parsons argues that the trial court applied an incorrect standard in deciding the motion for leave. As explained below, we agree with this argument and find that the case must be remanded for the trial court to newly decide the motion using the proper standard and procedure, as set forth in Criminal Rule 33.

### A. Standard of Review

**{¶6}** Typically, "[a] trial court's ruling on a motion for leave to move for a new trial is reviewed for an abuse of discretion." *State v. McNeal*, 2022-Ohio-2703, ¶ 13. However, the issue presented here involves whether the court applied the proper legal standard and procedure, as set forth in Crim.R. 33, in deciding the motion for leave. Thus, the issue presented involves a question of law, and "we review questions of law de novo." *Id.* (explaining that courts lack discretion to make errors of law, particularly when the trial court's decision goes against the plain

language of a statute or rule); *see also Ohio Edison Co. v. Pub. Util. Comm. of Ohio*, 78 Ohio St.3d 466, 469 (1997) ("[d]etermining whether the commission applied the proper legal standard is a question of law" to be reviewed de novo).

## B. **Applicable Law**

**{¶7}** Criminal Rule 33 addresses motions for a new trial. Its subsection (A) provides, in part: "A new trial may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights: . . . (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). Crim.R. 33(B) states in pertinent part,

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

**{¶8}** Therefore, "[g]enerally, a motion for a new trial based on newly discovered evidence must be filed within 120 days after the jury verdict was rendered or the trial court's decision was issued if the defendant waived the right to a jury trial." *State v. Hatton*, 2022-Ohio-3991, ¶ 27, citing Crim.R. 33(B). "An untimely motion for a new trial based on newly discovered evidence may be filed only if the defendant first establishes by clear and convincing evidence that he was

unavoidably prevented from discovering the evidence within the 120-day period." *Id.* at ¶ 28. "If the trial court determines that the defendant has met that burden and grants a motion for leave to file a motion for a new trial, then the defendant must file that motion within seven days." *Id.*

{¶9} Thus, the sole question before the trial court when considering whether to grant a defendant leave to file a motion for a new trial is whether the defendant established by clear and convincing proof that he was unavoidably prevented from discovering the evidence upon which he seeks to base the motion. *Id.* at ¶ 30. Then, *at the motion for new trial stage*, the defendant must show— among other things—that the newly discovered evidence discloses a strong probability that it will change the result if a new trial is granted. *Id.* at ¶ 28, 32-33, citing *State v. Petro*, 148 Ohio St. 505 (1947), syllabus.

{¶10} Significantly, the Supreme Court of Ohio has held that, "[w]hen a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave." *Id.* at ¶ 30, citing *State v. Bethel*, 2022-Ohio-783, ¶ 41.

## C. Analysis

{¶11} Parsons seeks a new trial on account of newly discovered evidence, and it has been seven years since the trial court found him guilty. Therefore, Parsons

filed a motion for leave, triggering Crim.R. 33(B)'s two-step process. *Hatton*, 2022-Ohio-3991, at ¶ 29.

**{¶12}** However, the trial court did not follow Crim.R. 33's procedure and legal standard. It sidestepped the preliminary question of whether Parsons had demonstrated that he was unavoidably prevented from discovering the evidence on which he seeks to rely. *Id.* at ¶ 32. Instead, the court improperly jumped to the merits of Parsons' claim for a new trial. *Id.* The trial court decided that—based on what had been presented at the motion for leave stage—the newly discovered evidence was not material and Parsons was not entitled to a new trial under Crim.R. 33(A)(6), so it did not need to first decide whether he was unavoidably prevented from filing his motion in a timely fashion. Consequently, the court avoided the issue whether to grant him leave to file a motion for a new trial.[2] But, as the Supreme Court of Ohio has explained, "[u]nless and until a trial court grants a defendant leave to file a motion for a new trial, the merits of the new-trial claim are not before the court." *Id.* at ¶ 33, citing *Bethel*, 2022-Ohio-783, at ¶ 41; *see also* Crim.R. 33.

**{¶13}** The State does not argue otherwise. Instead, the State sets forth the correct standard and asks us to affirm the trial court, essentially seeking a finding by this court that Parsons has not shown he was "unavoidably prevented from the

---

[2] During oral argument before this court, Parsons' counsel asserted that he "would have done more in the [trial court] hearing to argue the materiality" of the evidence if the standard at that point had involved materiality. Additionally, this is not a case, for example, where a defendant who was required to obtain leave of court before moving for a new trial, instead immediately moved for a new trial without first seeking leave.

discovery of the evidence." Crim.R. 33(B). Given the record in this case, we decline to decide that preliminary, fact-based question. *Compare Hatton*, 2022-Ohio-3991, at ¶ 34, 42 (remanding matter to the trial court with instructions that it grant defendant's motion for leave to file a motion for a new trial where defendant supported his motion for leave "with uncontradicted evidence that, on its face, demonstrates that he was unavoidably prevented from discovering . . . the primary evidence upon which he seeks to base his motion for a new trial").

## IV. CONCLUSION

{¶14} The trial court did not apply the proper legal standard and procedure in deciding the motion for leave, as set forth in Criminal Rule 33. Having found error prejudicial to Appellant in the particulars assigned and argued, we reverse—in its entirety—the October 23, 2023 judgment of the Henry County Court of Common Pleas. We remand the case for the trial court to consider anew, and render a judgment on, Parsons' motion for leave under the proper standard and for further proceedings consistent with this opinion. *See* App.R. 12; Crim.R. 33; *State v. Francis*, 2011-Ohio-4497, ¶ 23, 26 (4th Dist.) (reversing denial of a motion and remanding the case to the trial court to consider the motion under the proper standard and for further proceedings consistent with the opinion, where the trial court had applied the wrong legal standard in denying the motion); *State v. Hicks*, 2023-Ohio-4126, ¶ 49, 52 (8th Dist.) (reversing the trial court's judgment and remanding for further proceedings consistent with the opinion where the trial court erred as a

matter of law by applying the incorrect legal standard); *see also In re Adoption of P.L.H.*, 2017-Ohio-5824, ¶ 33 ("[o]rdinarily, upon a determination that the court[] below applied the wrong legal standard in deciding motion," the matter is remanded with instruction to make its analysis "under the correct legal standard").

***Judgment Reversed and***
***Cause Remanded.***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/jlm**