[Cite as *State v. White*, 2024-Ohio-5789.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                   :                    No. 24AP-155
                                                                            (C.P.C. No. 03CR-7014)
v.                                                    :

                                                                    (REGULAR CALENDAR)
Marcus D. White,                            :

      Defendant-Appellant.              :

D E C I S I O N

Rendered on December 10, 2024

**On brief:** *Dave Yost*, Attorney General, and *Andrea K. Boyd*,
for appellee.

**On brief:** *Marcus D. White*, pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Marcus D. White, appeals from a judgment of the
Franklin County Court of Common Pleas that denied his motion for leave to file a motion
for a new trial. For the following reasons, we affirm the judgment in part and reverse it in
part.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 12, 2003, White shot his estranged wife and his mother-in-law
during an altercation. Although White's wife survived, his mother-in-law died from her
injuries. In a judgment dated August 4, 2005, White was convicted of and sentenced for
murder, an unspecified felony in violation of R.C. 2903.02, and felonious assault, a second-
degree felony in violation of R.C. 2903.11. White appealed this judgment. *State v. White*,
10th Dist. No. 05AP-1178, 2006-Ohio-4226. This court rejected White's contentions that
his convictions were against the manifest weight of the evidence but found the trial court

erred in sentencing White. On remand, the trial court entered a judgment sentencing White to an aggregate term of 25 years to life.

{¶ 3} On June 16, 2023, White moved for leave to file a motion for a new trial based on newly discovered evidence. In an affidavit attached to his motion, White stated that he recently discovered that the lead detective assigned to his case had been investigated for falsifying documents, tampering with evidence, and theft in office, and the detective had pled guilty to lesser charges. White also attached to his motion the affidavit of an attorney who averred that the detective was "charged with falsification because [he was] taking classes at Capital University, collecting tuition from the City, and going to school instead of working, as [his] time sheets indicated. [He] received diversion, which means that if [he] complete[s] something like probation, [he] will get the case dismissed even though [he] pled guilty." (Def.'s Ex. 1A at ¶ 16.) Finally, White attached to his motion a Columbus Dispatch article, dated February 1, 2006, that stated the detective was charged on January 31, 2006 with felony theft offenses, and the charging document accused the detective of falsifying tuition reimbursement applications four times and attending classes at least ten times while on duty between January 2003 and August 2005.

{¶ 4} The trial court denied White leave to file a motion for a new trial in a judgment entered February 9, 2024. The trial court found there was not a strong probability that the newly discovered evidence regarding the detective's misconduct and plea would change the outcome if a new trial was granted.

## II. ASSIGNMENTS OF ERROR

{¶ 5} White now appeals the February 9, 2024 judgment and assigns the following errors:

> [1.] Can the Trial Court deny the Appellant due process of law guaranteed by the U.S. & Ohio Const. & ignore the precedents set by the Ohio Supreme Court, by abusing its discretion & committing plain error, by denying Appellant's Motion for Leave to File a Motion for a New Trial pursuant to Crim. R. 33(A)(6), (B) & *State v. Bethel*, 167 Ohio St. 3d 362, quoting *Brady v. Maryland*, 373 U.S. 83, on the merits, before deciding if the Appellant was unavoidably prevented from discovering the evidence within the 120-day period & issuing an entry granting Appellant leave to file the Motion for New Trial?

[2.] Can the Trial Court abuse its discretion by denying the Appellant's Motion for Leave to File a Motion for New Trial on the merits, without an evidentiary hearing, when the record reveals the Appellant was unavoidable prevented from discovering the evidence i.e. (Det. [B.C.]'s May 2006 guilty plea) within the 120 days of the jury's verdict, violating Appellant's right due process of law guaranteed by the U.S. & Ohio Const. & *State v. Hatton*, 169 Ohio St. 3d 446?

[3.] Did the Trial Court abuse its discretion by finding Appellant's Motion for Leave to file a Motion for New Trial pursuant to Crim. R. 33(A)(6), (B) & *State v. Bethel*, 167 Ohio St. 3d 362 ¶41 was bar by res judicata, when the Appellant made a prima facie showing the State failed to disclose Det. [B.C.]/[C.R.] where in under investigation at the time of his trial for falsifying documents, tampering with evidence & theft in office , which affected the Appellant's substantial rights and a meaningful defense, in violation of *Brady v. Maryland*, 373 U.S. 83?

(Sic passim.)

## III. STANDARD OF REVIEW

{¶ 6} Typically, appellate courts review a trial court's ruling on a motion for leave to file a motion for a new trial for an abuse of discretion. *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, ¶ 13. However, this appeal raises the question of whether the trial court applied the appropriate procedure and legal standard in deciding White's motion, which involves a question of law. *See State v. Parsons*, 3d Dist. No. 7-23-20, 2024-Ohio-3367, ¶ 6 (argument that the trial court applied an incorrect standard in deciding a motion for leave reviewed under the de novo standard because it involved an issue of law). Appellate courts review questions of law de novo. *McNeal* at ¶ 13.

## IV. LEGAL ANALYSIS

{¶ 7} By his first assignment of error, White argues that the trial court erred in skipping over the question of whether he was unavoidably prevented from discovering the evidence on which he seeks to base his motion for a new trial. We agree.

{¶ 8} Under Crim.R. 33(A)(6), "[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights: * * * (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."

Generally, a defendant must file a motion for a new trial based on newly discovered evidence within 120 days after the jury verdict was rendered or, if the defendant waived the right to a jury trial, the trial court's decision was issued. *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, ¶ 27, citing Crim.R. 33(B). However, a defendant may file an untimely motion for a new trial based on newly discovered evidence if the defendant first establishes by clear and convincing evidence that he was unavoidably prevented from discovering the evidence during the 120-day period. *Id.* at ¶ 28, citing Crim.R. 33(B).

{¶ 9} Importantly, "[w]hen a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave." *Id.* at ¶ 30. Thus, the trial court must wait until the new trial stage to decide whether the defendant has met the standard articulated in *State v. Petro*, 148 Ohio St. 505 (1947), syllabus, which sets forth the criteria for granting a new trial based on newly discovered evidence. *Hatton* at ¶ 32-33. That criteria includes proof that the new evidence discloses a strong probability that it will change the result if a new trial is granted. *Id.* at ¶ 32. "The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." *Id.* at ¶ 30.

{¶ 10} In this case, the trial court sidestepped the sole question before it: whether White had presented the court with clear and convincing evidence that he was unavoidably prevented from discovering evidence of the detective's misconduct and his plea. The trial court instead jumped to the merits question and decided that the newly discovered evidence that White relied upon did not disclose a strong probability of a different outcome if a new trial was granted. However, because the trial court had yet to grant White's motion for leave to file a motion for a new trial, that question was not before the trial court.

{¶ 11} The state argues that this court should affirm the denial of the motion for leave because the alleged newly discovered evidence is immaterial to White's defense. The state assures this court that consideration of the evidence's materiality is not a merits review. We find this argument disingenuous. In deciding "the merits of [a] claim for a new trial," a trial court considers whether the new evidence " 'discloses a strong probability that it will change the result if a new trial is granted' " and whether the new evidence " 'is material

to the issues.' " *Id.* at ¶ 32, quoting *Petro* at syllabus. We, therefore, leave consideration of the new evidence's materiality to the trial court, if it determines that White may file a motion for a new trial.

{¶ 12} In sum, we conclude the trial court erred by not applying the proper procedure or legal standard to White's motion for leave to move for a new trial. *See Parsons*, 2024-Ohio-3367, at ¶ 14 (reversing a denial of a motion for leave and remanding because the trial court did not address whether the defendant was unavoidably prevented from discovering the new evidence and, instead, decided the motion using the merits standard). Accordingly, we sustain White's first assignment of error.

{¶ 13} By his second assignment of error, White argues that the trial court erred in not granting him a hearing on his motion for leave to move for a new trial. A criminal defendant is only entitled to a hearing on a motion for leave to move for a new trial if he submits documents that support his claim that he was unavoidably prevented from timely discovering the evidence at issue. *State v. Dodson*, 10th Dist. No. 22AP-388, 2023-Ohio-701, ¶ 14. Here, the trial court has yet to consider White's claim that he was unavoidably prevented from discovering evidence regarding the detective's wrongdoing and plea. Consequently, we leave it to the trial court to decide in the first instance, on remand, whether a hearing is appropriate or necessary to delve into whether White was unavoidably prevented from discovering the evidence. As the trial court has yet to address that question, an appellate court ruling on the hearing issue is premature.

{¶ 14} By his third assignment of error, White argues that the trial court erred in concluding that res judicata precluded him from seeking leave to move for a new trial based on newly discovered evidence regarding the detective's misconduct and plea. White misconstrues the trial court's decision. In his motion for leave, White raised legal arguments regarding the indictment and jury instructions. The trial court concluded that res judicata barred those arguments. The trial court did not err in so concluding. Accordingly, we overrule White's third assignment of error.

## V. CONCLUSION

{¶ 15} For the foregoing reasons, we sustain White's first assignment of error, and we overrule White's third assignment of error. We find White's second assignment of error not yet ripe for review, and we dismiss it. We affirm the judgment of the Franklin County

Court of Common Pleas in part and reverse it in part.  We remand this matter to the trial court for further proceedings consistent with law and this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

DORRIAN and BOGGS, JJ., concur.

_____